IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **ROBINA JENKINS** ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. CV-05-2658 |
| NANCY L. WORLEY, individually ) and in her capacity as ) SECRETARY OF STATE, ) State of Alabama; ) JOE DICKSON, individually ) and in his official capacity as ) a member of the State Personnel Board; ) HARRY MCMILLAN, individually ) and in his official capacity as ) a member of the State Personnel Board; ) JOHN MCMILLAN, individually ) and in his official capacity as ) a member of the State Personnel Board; ) HORACE W. POWELL, SR., individually ) and in his official capacity as ) a member of the State Personnel Board; ) JOYCE P. O'NEAL, individually ) and in her official capacity as ) a member of the State Personnel Board. ) | |
| Defendants. ) | |

[Filed stamp: OCT 2005 Filed, Melissa Rittenour, Circuit Clerk]

## COMPLAINT

### Parties

1.   Plaintiff, Robina Jenkins is over the age of nineteen (19) years, a citizen of the United States and the State of Alabama, and resides at 2418 Elsmeade Drive,

Montgomery, Alabama.

2. Defendant, Nancy L. Worley, is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama. Defendant Worley is, and at all times material hereto was the duly elected Secretary of State for the State of Alabama with a principal office located at the State Capitol, 600 Dexter Avenue, Suite S-105, Montgomery, Alabama 36103. Defendant Worley is sued individually and in her official capacity as Secretary of State for the State of Alabama.

3. Defendant, Joe Dickson is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama. Defendant Dickson is, and at all times material hereto was a duly appointed member of the State Personnel Board for the State of Alabama. Defendant Dickson is sued individually and in his official capacity as a member of the State Personnel Board for the State of Alabama.

4. Defendant Harry McMillan, is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama and resides at 153 Payne Road, Montgomery, Alabama. Defendant Harry McMillan is, and at all times material hereto was a duly appointed member of the State Personnel Board for the State of Alabama. Defendant Harry McMillan is sued individually and in his official capacity as a member of the State Personnel Board for the State of Alabama.

5. Defendant John McMillan is over the age of nineteen (19) years, a citizen of the United States, and of the State of Alabama. Defendant John McMillan is, and at all times material hereto was a duly appointed member of the State Personnel Board for the

State of Alabama. Defendant John McMillan is sued individually and in his official capacity as a member of the State Personnel Board for the State of Alabama.

6. Defendant, Horace W. Powell, Sr., is over the age of nineteen (19) years, a citizen of the United States, and of the State of Alabama. Defendant Powell is, and at all times material hereto was a duly appointed member of the State Personnel Board for the State of Alabama. Defendant Powell is sued individually and in his official capacity as a member of the State Personnel Board for the State of Alabama.

7. Defendant, Joyce P. O'Neal is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama. Defendant O'Neal is, and at all times material hereto was a duly appointed member of the State Personnel Board for the State of Alabama. Defendant O'Neal is sued individually and in her official capacity as a member of the State Personnel Board of the State of Alabama.

## COUNT I
## ALLEGATIONS

### SECRETARY OF STATE

8. Plaintiff was formerly employed as a Department Program Manager in the Office of the Secretary of State, State of Alabama. Plaintiff had been employed in the Secretary of State's office for thirteen (13) years and with the State of Alabama for seventeen (17) years. Plaintiff was a "classified employee" under 36-26-1 et seq., Code of Alabama, 1975, The Merit System Act.

9. On or about October 16, 2003, Defendant Worley notified plaintiff that due to budget cuts, plaintiff's employment with the Secretary of State would end effective October 31, 2003.

10. Pursuant to, and in accordance with the provisions of the Merit System Act hereinabove referred to, Defendant Worley is required to consider plaintiff's seniority and service rating in determining whether to lay-off plaintiff.

11. Defendant Worley failed and refused to consider plaintiff's seniority and service rating and retained employees with less seniority and service rating than plaintiff, in violation of the Merit System Act and rules adopted by the State Personnel Board.

12. The failure and refusal of Defendant Worley to consider plaintiff's seniority and service rating, and the rules adopted by the State Personnel Board in laying off plaintiff, deprived plaintiff of her protected interest in plaintiff's position as Department Program Manager, in violation of the Merit System Act.

13. The failure and refusal of Defendant Worley to consider plaintiff's seniority and service rating, and rules adopted by the State Personnel Board in laying off plaintiff, deprived plaintiff of her protected property interest in her position as Department Program Manager, in violation of the 14th Amendment to the United States Constitution.

14. The failure and refusal of Defendant Worley, to consider plaintiff's seniority and service rating, and rules adopted by the State Personnel Board in laying off plaintiff was willful, intentional and in bad faith.

WHEREFORE, for the above and foregoing reasons, plaintiff respectfully requests compensatory damages in the sum of $600,000 and punitive damages in the sum of $1,000,000 against defendant Worley.

## COUNT II

15.     Plaintiff adopts and realleges paragraphs 1-9 as a part of this Count, as if said paragraphs were fully set forth herewith.

16.     When Defendant Worley notified plaintiff on October 16, 2003, that her employment with the Secretary of State would end effective October 31, 2003, she further notified plaintiff, in accordance with the requirement of the Merit System Act that plaintiff would be placed on the layoff re-employment register for two years, for the classification in which she was laid off; and that during that period of time the appointing authority of the agency would not hire anyone in the classification from the register or provisionally as long as plaintiff was available for re-employment.

17.     Subsequent to plaintiff's layoff, however, Defendant Worley appointed an individual as Acting Director, Corporate Division, which was the classification plaintiff held prior to her layoff.

18.     Plaintiff was available for re-employment at the time Defendant Worley appointed the individual to the position.

19. Defendant Worley's failure and refusal to offer re-employment to plaintiff in the classification plaintiff held prior to her layoff deprived plaintiff of her protected property interest in the position and violated rights guaranteed plaintiff under 32-26-1, et seq., Code of Alabama, 1975, the Merit System Act.

20. Defendant Worley's failure and refusal to offer re-employment to plaintiff in the classification plaintiff held prior to her layoff deprived her of her protected property interest in the position in violation of the Fourteenth Amendment to the United States Constitution.

21. The action of Defendant Worley in appointing an individual in the classification plaintiff held prior to her layoff was willful, intentional and in bad faith.

WHEREFORE, the above premises considered, plaintiff requests compensatory damages in the sum of $600,000 and punitive damages in the sum of $1,000,000 against Defendant Worley.

### COUNT III

22. Plaintiff adopts and realleges paragraphs 1-9 as a part of this Count, as if said paragraphs were fully set forth herein.

23. Subsequent to plaintiff's layoff, Defendant Worley hired an individual to the position plaintiff held prior to her layoff even though the person was not on the State Employment Register for said position.

24. The action of the Defendant Worley in hiring an individual in the position who was not on the State Employment Register, violated the Merit System Act, and deprived plaintiff of her protected property interest in her position.

25. The action of the Defendant Worley in hiring an individual in the position who was not on the State Employment Register for the position, deprived plaintiff of her protected property interest in the position in violation of the 14th Amendment to the United States Constitution.

26. The action of Defendant Worley in hiring an individual in the position who was not on the State Employment Register for the position was willful, intentional and in bad faith.

WHEREFORE, the above premises considered, plaintiff requests compensatory damages in the sum of $600,000, and punitive damages in the sum of $1,000,000 against Defendant Worley.

## COUNT IV
## STATE PERSONNEL BOARD

27. Plaintiff adopts and realleges as a part of this Count paragraphs 1-9, as if said paragraphs were fully set forth herewith.

28. The State Personnel Board has jurisdiction and authority, inter-alia, pursuant to and in accordance with the provisions of Code of Alabama 1975, Title 36-26-6(b)(3) to make investigation, either on petition of a citizen, tax payer or interested

party, or of its own motion, concerning the enforcement and effect of The Merit System Act, and to require observance of the provisions of the Act and the rules and regulations made pursuant thereto.

29. On or about July 18, 2005, plaintiff filed a Petition For Review with Defendant State Personnel Board wherein plaintiff alleged, inter-alia, that Defendant Worley has hired an individual from an open competitive register or provisionally in the classification in which plaintiff was laid off, in violation of rights plaintiff is guaranteed under The Merit System Act. Plaintiff further requested that Defendant Board conduct a prompt fact-finding proceeding; order plaintiff reinstated to the classification she held in the Secretary of State's office prior to her layoff; and order back pay, pay increases and all benefits plaintiff would have been due but for the illegal layoff.

30. On or about August 15, 2005, plaintiff identified to Defendant Board, the individual Defendant Worley hired in the classification plaintiff held prior to plaintiff's layoff.

31. Defendant State Personnel Board has the duty under the Merit System Act to require Defendant Worley to abide by the provisions of said Act, and the rules and regulations made by the Board pursuant to said Act.

32. Defendant State Personnel Board breached its duty to require Defendant Worley to abide by the provisions of The Merit System Act, thereby depriving plaintiff of her protected interest in her position.

33. As a further consequence and result of Defendant State Personnel Board's breach of its duty, plaintiff was deprived of her protected property interest in her position in violation of the Merit System Act and the 14th Amendment to the United States Constitution.

34. The failure of the Defendant Board, after notice, to require Defendant Worley to abide by the provisions of the Merit System Act and the rules and regulations made by the Board pursuant to said Act, was willful, intentional and in bad faith.

WHEREFORE, Plaintiff demands compensatory damages individually and severally against each member of the State Personnel Board named herein in the sum of $600,000, and punitive damages in the sum of $1,000,000.

PLAINTIFF DEMAND TRIAL BY JURY.

                                           Respectfully submitted,

                                           James E. Wilson, Jr (WIL077)
                                           Attorney For Plaintiff

OF COUNSEL:
James E. Wilson, Jr.
723 Carter Hill Road
P.O. Box 6237
Montgomery, AL 36106
(334) 834-9899