IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBINA JENKINS, | ) | |
| | ) | Removed |
| | ) | From the Circuit Court of |
| Plaintiff, | ) | Montgomery County, Alabama |
| | ) | Case No. CV-05-2658 |
| vs. | ) | ***************** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NANCY WORLEY L. WORLEY, | ) | Case No. 2:05-cv-1049 |
| | ) | |
| Defendants. | ) | |

**ANSWER**

Defendants, by and through undersigned counsel, hereby file this their Answer, stating as follows:

Parties

1. Admit that the Plaintiff is a citizen of the United States and the State of Alabama. Can neither admit nor deny as to the Plaintiff's current place of residence.

2. Admit that Nancy L. Worley is over the age of nineteen (19) years and is a citizen of the united States and the State of Alabama. Admit that Defendant Worley is the duly elected Secretary of State for the State of Alabama. Admit that the principal office of the Secretary of State is located at the State Capitol.

3. Admit that Defendant Joe Dickson is over the age of nineteen (19) years and is a citizen of the United States and of the State of Alabama. Admit that Defendant Dickson is a member of the State Personnel Board.

4. Admit that Defendant Harry McMillan is over the age of nineteen (19) years, and is a citizen of the United States and the State of Alabama. Deny that

Defendant McMillan is or was a member of the State Personnel Board during all times material to this lawsuit.

5.      Admit that Defendant John McMillan is over the age of nineteen (19) years, and is a citizen of the United States and the State of Alabama.  Admit that Defendant McMillan is member of the State Personnel Board.

6.      Admit that Defendant Horace Powell is over the age of nineteen (19) years, and is a citizen of the United States and the State of Alabama.  Admit that Defendant Powell is a member of the State Personnel Board.

7.      Admit that Defendant Joyce P. O'Neal is over the age of nineteen (19) years, and is a citizen of the United States and the State of Alabama.  Admit that Defendant O'Neal is a member of the State Personnel Board.

## Count I
## ALLEGATIONS

### SECRETARY OF STATE

8.      Admit that Plaintiff was formerly employed as a Department Program Manager in the Officer of the Secretary of State, State of Alabama.  Admit that Plaintiff was employed in the Secretary of State's Office for approximately thirteen (13) years and with the State of Alabama for approximately seventeen (17) years.  Admit that Plaintiff was a classified employee under the State of Alabama Merit System.

9.      Deny that Plaintiff was notified on October 16, 2003, that due to budget cuts, layoffs were necessary and that her position was being laid off.   Plaintiff was notified on October 7, 2003 that her employment would end on October 31, 2003.

10. Admit that seniority and service ratings are required to be considered in determination of a retention score for lay-off purposes.

11. Deny that Defendant Worley failed or refused to consider plaintiff's seniority and service rating in Plaintiff's retention score. Deny that individuals with less seniority and service ratings in Plaintiff's classification were retained.

12. Deny that Defendant Worley failed to consider Plaintiff's seniority and service rating or the rules of the State Personnel Board and deny that Plaintiff was denied of her protected interest in the position of Department Program Manager. Deny that the lay-off was in violation of the Merit System Act or the rules adopted by the State Personnel Board.

13. Deny that Defendant Worley failed to consider Plaintiff's seniority and service rating or the rules of the State Personnel Board and deny that Plaintiff was denied of her protected interest in the position of Department Program Manager. Deny that the lay-off was in violation of the Fourteenth Amendment to the United States Constitution.

14. Deny that Defendant Worley failed to consider Plaintiff's seniority and service rating or rules of the State Personnel Board. Deny that any conduct taken by Defendant Worley regarding the lay-off was willful, intentional, or done in bad faith as alleged by Plaintiff.

Deny that Plaintiff is entitled to any damages.

## COUNT II

15. This paragraph requires neither an admission nor a denial.

16. Plaintiff was first notified on October 7, 2003 that her employment would end effective October 31, 2003. Admit that Defendant Worley in a follow-up letter of October 16, 2003 notified plaintiff that she would be placed on the layoff re-employer register for two years, for the classification in which she was laid off; and that during that period of time the appointing authority of the agency would not hire anyone in the classification from the register or provisionally as long as plaintiff was available for re-employment.

17. Deny that any appointment was made to the Plaintiff's merit system classification.

18. Can neither admit nor deny as to Plaintiff's availability for reemployment. Deny that any individual was appointed to Plaintiff's merit system classification.

19. Deny that anyone has been hired or appointed to Plaintiff's merit system classification. Deny that Plaintiff's property rights were violated under the Merit System.

20. Deny that anyone has been hired or appointed to Plaintiff's merit system classification. Deny that Plaintiff's property rights were violated under the Fourteenth Amendment to the Constitution.

21. Deny that anyone was appointed to the classification which plaintiff held prior to her layoff. Deny that any actions taken by Defendant Worley regarding the lay-off was willful, intention, or taken in bad faith as alleged in this Complaint.

Deny that Plaintiff is entitled to any remedy.

## COUNT III

22. This paragraph requires neither an admission nor a denial.

23. Deny that any individual has been hired in Plaintiff's merit system classification since the lay-off occurred in October of 2003.

24. Deny that any individual has been hired in Plaintiff's merit system classification since the lay-off occurred in October of 2003. Deny that any violation of the State Merit System occurred.

25. Deny that any individual has been hired in Plaintiff's merit system classification since the lay-off occurred in October of 2003. Deny that any violation of the Fourteenth Amendment to the United States Constitution occurred.

26. Deny that any individual has been hired in Plaintiff's merit system classification since the lay-off occurred in October of 2003. Deny that any actions taken by Defendant Worley during the lay-off were willful, intentional or taken in bad faith as alleged in this Complaint.

Deny that the Plaintiff is entitled to any damages or other relief.

## COUNT IV
## STATE PERSONNEL BOARD

27. This paragraph requires neither an admission nor a denial.

28. Admit that the State Personnel Board has jurisdiction and authority to make investigations concerning the enforcement or effect of the Merit System.

29. Admit that Plaintiff purported to file a Petition for Judicial Review with the State Personnel Board on or about July 18, 2005. Admit that Plaintiff alleged that Defendant Worley hired an individual from an open competitive register or provisionally. Admit that Plaintiff requested an investigation into the allegations.

30. Admit that Plaintiff alleged that Sharon Viox was hired in the classification from which the Plaintiff was laid off.

31. Deny that Defendant Worley failed to abide by the Merit System Act and the Rules of the State Personnel Board in the lay-off.

32. Deny that the State Personnel Board has breached any duty.

33. Deny that the State Personnel Board has breached any duty. Deny that any violation of the Merit System Act or the Fourteenth Amendment to the Constitution has occurred regarding Plaintiff's lay-off and subsequent allegations.

34. Deny that Defendant Worley has failed to abide by the rules of the State Personnel Board. Deny that any action or inaction of the Board was willful, intention or in bad faith.

Deny that the Plaintiff is entitled to any damages.

**DEFENDANTS DENY EACH AND EVERY MATERIAL ALLEGATION CONTAINED HEREIN WHICH IS NOT SPECIFICALLY ADMITTED**

### DEFENSES

1. This Complaint fails to state a claim against the defendants.

2. Plaintiff claims damages against the individuals in their official capacities. These claims are barred by the Eleventh Amendment of the United States Constitution and Article 1, Section 14 of the Alabama Constitution.

3. All defendants sued in their individual capacity are entitled to qualified and/or state actor immunity.

4. Defendants plead the defense of statute of limitations.

5. The members of the State Personnel Board are entitled to absolute immunity

from suit and are due to be dismissed. *Smith v. Shook*, 237 F.3d 1322 (11th Cir. 2001).

6. Alternatively, the State Personnel Board defendants are entitled to qualified immunity.

7. The Complaint names the individual board members as defendants, yet states no action undertaken by the individuals.

8. Plaintiff has no substantive, nor procedural due process claims. Plaintiff had an adequate remedy provided by state law, but failed to pursue it.

9. Plaintiff fails to allege how the State Merit System was violated and the mechanism under which this action is brought.

10. Plaintiff failed to provide a vehicle for a claim under the Fourteenth Amendment. The Fourteenth Amendment itself does not provide an avenue for redress.

11. Plaintiff fails to state a justiciable claim.

12. Plaintiff has been placed on notice prior to the filing of this lawsuit that no person has been hired in her previous merit system classification *in the entire state* since March of 2003 which is prior to the lay-off. The filing of this lawsuit by the Plaintiff is in bad faith.

13. Plaintiffs lay off occurred in accordance with the law and the Rules and Regulations of the State Personnel Board.

14. Two classifications of Department Program Manager existed at the Secretary of State's office. Plaintiff had the lower of the two retention scores and was

laid off, while the other Department Program Manager continued in employment.

                                Respectfully submitted,

                                /s/Alice Ann Byrne_____
                                ALICE A. BYRNE (BYR015)
                                Attorney for Defendants

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama  36130
(334) 242-3450
(334) 353-4481 (FAX)

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon the following:

James W. Wilson, Jr. Esquire
Attorney for Plaintiff
732 Carter Hill Rd.
Montgomery, Alabama 36106

by placing the same in first class mail, postage pre-paid, this the **14**[th] day of November, 2005

                                /s/ Alice Ann Byrne
                                OF COUNSEL