RECEIVED
2005 NOV 14 P 2: 44
[DISTRICT COURT
MIDDLE DISTRICT]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

| | |
|---|---|
| ROBINA JENKINS, ET AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05 - CV-01049 |
| vs. ) | |
| ) | |
| NANCY L. WORLEY, ) | |
| Individually and in her capacity as ) | |
| SECRETARY OF STATE, State of ) | |
| Alabama; JOE DICKSON, individually ) | |
| and in his official capacity as a member ) | |
| of the State Personnel Board; ) | |
| HARRY MCMILLAN, individually ) | |
| and in his official capacity as a member ) | |
| of the State Personnel Board; ) | |
| JOHN MCMILLAN, individually ) | |
| and in his official capacity as a member ) | |
| of the State Personnel Board; ) | |
| HORACE W. POWELL, SR., individually ) | |
| and in his official capacity as a member ) | |
| of the State Personnel Board; ) | |
| JOYCE P. O'NEAL, individually ) | |
| and in her official capacity as a member ) | |
| of the State Personnel Board. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REMAND AND MEMORANDUM
## OF LAW IN SUPPORT THEREOF

COMES now plaintiff, Robina Jenkins, pursuant 28 U.S.C. § 1447 (c) and to the

Federal Rules of Civil Procedure and moves the Court to remand this cause to the Circuit

Court of Montgomery County, Alabama, and in support of this motion show the Court as

follows:

On or about October 31, 2005, Defendant filed with the court a Notice of

1

Removal asserting, inter alia, this Court has original subject matter jurisdiction over all five counts of the complaint, as the counts purport to allege violations of, and seek relief pursuant to the Fourteenth Amendment to the United States Constitution. 28 U.S.C.§ 1331 mandates "that the districts courts shall have original jurisdiction of all civil actions arising under the constitution, law or treaties of the United States."

There are two test for federal question jurisdiction. First, jurisdiction exits when " a suit arises under the law that creates the cause of action." American Well Water v. Layne & Bowler Co., 241 U.S. 257, 6 S. Ct. 585, 60 L.Ed. 987 (1916). Second, the federal court may preside over a claim in which "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of plaintiff's cause of action, [in a well pleaded complaint.]...[and] the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Gully v. First National Bank at Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed. 70 (1936).

Isbell v. Stewart & Stevenson, LTD. 9 F.Supp. 2d 731 at 733 (S.D. Tex. 1998).

A case arises under federal law when the vindication of a right under state law necessarily turns on some construction of federal law. Franchise Tax Bd.v. Construction Laborers Vacation Trust, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L.Ed. 2d 420 (1983). For the federal courts to have jurisdiction under the well-pleaded complaint standard, "a right or immunity created by the constitution or laws of the United States must be an element, and an essential one, of the plaintiff's

2

cause of action. Franchise Tax Bd., 463 U.S. at 10-11, 103 S.Ct. at 2846 - 47 quoting Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). However, "a state law negligence cause of action that incorporates federal law by reference does not 'arise under' federal law." Zeig, 593 F. Supp. 612, 614 (E.D. Va. 1984).

<u>Commonwealth Film Processing v. Moss & Rocovich</u> 778 F. Supp. 283 at 285 (W.D. Va. 1991). See also <u>Wuerl v. Internationl Life Science Church,</u> 755 F. Supp. 1084, 1086, (W.D. Va. 1991) "removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not "arise under" federal law, it is not removable on federal questions grounds. Incidental federal issues are not enough."

    All counts of plaintiff's complaint are grounded in state law. The Merit System Act, 36-26-1, et seq. Code of Alabama, 1975, is a creature of state law. The Act's stated purpose is, inter alia, to assure that all citizens of Alabama have an equal opportunity to compete for service with the State of Alabama. See 36-26-3, Code of Alabama, 1975. Each count in Plaintiff's complaint asserts that the defendants violated the Act. The federal claims are not in the forefront of plaintiff's complaint. They are collateral, peripheral and remote.

    The federal claims asserted in plaintiff's complaint are an element of plaintiff's state cause or action. Where a complaint alleges a violation of a Federal Statue as an element of a state cause of action, the federal statue does not state a claim "arising" under the Constitution, laws or treaties of the United States. <u>See Merrell Dow Pharmaceutical., Inc. v. Thompson</u> 478 U.S. 804.

3

Alabama case law has found the Act constitutional. <u>Heck. V. Hall</u> 190 So.2d 280. In <u>Thompson v. Bass</u>, 616 F. 2d 1259, the court found that the rights created under the Act provide for a protected property interest in employment. Due to the state law nature of plaintiff's claim, inferring a cause of action based solely on federal law would be inappropriate. See <u>California v. Sierra Club</u>, 451 U.S. 287, 293.

Wherefore the above premises, plaintiff respectfully request the court to find it lacks federal jurisdiction over this matter; remand this action to the Circuit Court of Montgomery County Alabama; award plaintiff Attorney fees and such other, further and different relief the court deems proper.

Respectfully submitted,

_____
JAMES E. WILSON, (WIL077)

OF COUNSEL:
James E. Wilson, Jr.
732 Carter Hill Road
Post Office Box 6237
Montgomery, AL 36106
334-834-9899

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing on Alice A. Byrne, State Personnel Department, 64 North Union Street, Room 316, Montgomery, Alabama 36130 by placing a copy in the United States Mail postage prepaid, this _____ day of November, 2005.

_____

4