IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBINA JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:05-cv-1049-C |
| | ) |
| NANCY L. WORLEY, individually and | ) |
| in her official capacity as Secretary of State, | ) |
| State of Alabama, *et. al.* | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO MOTION TO REMAND (DOC. 4)

Plaintiff filed the instant action in the Circuit Court of Montgomery. Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendants removed the case to this honorable court. (Doc. 1-1.) Plaintiff moved for remand, and this court ordered defendants to show cause why the motion should not be granted. (Doc. 4, 5) On behalf of all of the defendants, this response is now filed.

In pertinent part, § 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Relevant here, and pursuant to 28 U.S.C. § 1331, "the district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The complaint in this case attempts to set out four counts. (Doc. 1-2 at ¶¶ 8–34; Doc. 3 at 6–8 (answer).) Each count alleges a violation of both state law and federal law. (Doc. 1-2 at ¶¶ 8–34) The state law claims allege that plaintiff has a "protected property interest" in her position as a Department Program Manager and that she was deprived of that interest in violation of Alabama's Merit System Act, Ala. Code § 36-26-1, *et. seq.* (*Id.* at ¶¶ 19, 24, 33; *see also id.* at ¶ 12 ("protected interest").) The federal law claims allege that the deprivation "of [plaintiff's] protected property interest in her position as Department Program Manager" constituted a violation of the Fourteenth Amendment of the United States Constitution. (*Id.* at ¶ 13; *see also id.* at ¶¶ 20, 25, 33.)[1] The federal claims can only be interpreted as alleging procedural due process violations.

Plaintiff's alleged federal constitutional violations flow directly from her allegations that she was deprived of property interests created by state law. The Supreme

---

[1] Paragraph 13 of the complaint states: "The failure and refusal of Defendant Worley to consider plaintiff's seniority and service rating, and rules adopted by the State Personnel Board in laying off plaintiff, deprived plaintiff of her *protected property interest* in her position as Department Program Manager, *in violation of the 14th Amendment to the United States Constitution*." (Doc. 1-2 at ¶ 13 (emphasis added).)

Paragraph 20 of the complaint states: "Defendant Worley's failure and refusal to offer re-employment to plaintiff in the classification plaintiff held prior to her layoff deprived her of her *protected property interest* in the position *in violation of the Fourteenth Amendment to the United States Constitution*." (Doc. 1-2 at ¶ 20 (emphasis added).)

Paragraph 25 of the complaint states: "The action of the Defendant Worley in hiring an individual in the position who was not on the State Employment Register for the position, deprived plaintiff of her *protected property interest* in the position *in violation of the 14th Amendment to the United States Constitution*." (Doc. 1-2 at ¶ 25 (emphasis added).)

Paragraph 33 of the complaint states: "As a further consequence and result of Defendant State Personnel Board's breach of its duty, plaintiff was deprived of her *protected property interest* in her position *in violation of* the Merit System Act and *the 14th Amendment to the United States Constitution*." (Doc. 1-2 at ¶ 33 (emphasis added).)

2

Court has explained that "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 2708 (1972). "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Id.* at 577, 92 S. Ct. at 2709. Applied here, a reasonable reading of the complaint suggests that the federal Constitutional claims are the gravamen of each count: first plaintiff attempts to demonstrate the presence of a state-created property interest in her position as Department Program Manager, and then she alleges the deprivation of that protected property interest in violation of the Fourteenth Amendment of the United States Constitution.

It is entirely backwards to suggest, as plaintiff does, that the complaint should be read in exactly the opposite manner. Plaintiff suggests that the federal *claims* are no more than federal *issues* which somehow are elements of the Merit System Act claims. *See* (Doc. 4 at 3.) She suggests her federal claims are "incidental," and she asserts that the federal claims are "collateral, peripheral and remote."[2] (*Id.* at 3.) Plaintiff relies on cases that only help her argument if one accepts her unexplained, and unexplainable, position that she has not stated federal claims, but only state claims that involve federal issues. (*Id.* at 2–4 (*citing Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103

---

[2] The phrase "collateral, peripheral and remote" is found in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234 (1986) (*quoting Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470, 77 S. Ct. 912, 928 (1957) (Frankfurter, J., dissenting)).

S. Ct. 2841 (1983); *Gully v. First Nat'l Bank at Meridian*. 299 U.S. 109, 57 S. Ct. 96 (1936)).)

Broadly speaking, *Merrell Dow Pharmaceuticals*, *Franchise Tax Board*, and *Gully* all address the question of whether the federal question jurisdiction lies when only state causes of action are pled. That is not the situation here. Accepting for the sake of argument that plaintiff did not intend the federal claims to be the gravamen of her complaint, the federal claims are still pled, *see* n.1 above, and that is all that is required to make defendants' removal of this case to federal court proper. *See* 28 U.S.C. § 1331 (granting federal question jurisdiction to district courts); 28 U.S.C. § 1441(a) (stating federal question cases are removable); 28 U.S.C. § 1441(c) (stating that federal question cases are removable even when "joined with one or more otherwise non-removable claims or causes of action").

Defendants did raise in their Answer the defense that "[p]laintiff failed to provide a vehicle[ *i.e.*, cause of action,] for a claim under the Fourteenth Amendment. The Fourteenth Amendment itself does not provide an avenue for redress." (Doc. 3 at 7.) The fact that plaintiff has failed to plead a private cause of action to bring her federal claims should not be considered a strategic decision to plead only state claims and avoid federal court jurisdiction. Nor should it be considered an indication that plaintiff's Fourteenth Amendment claims are somehow no more than an element of the state claims. Instead, plaintiff has simply failed to properly plead the cause of action that supports her federal claims. We know that there is nothing more to be read into this simple failure because plaintiff likewise failed to properly plead her state claims. *See* (*Id.* ("Plaintiff fails to allege how the State Merit System was violated and the mechanism under which

4

this action is brought.").)  If done intentionally, plaintiff would have purposefully filed a complaint devoid of any claims.

That the federal claims were not properly pleaded is reason for this court to dismiss those claims at a later date; it is not reason to turn a blind eye to the existence of a well-established federal cause of action for the vindication of alleged violations of federal law.  *See* 42 U.S.C. § 1983; *see also Franchise Tax Board*, 463 U.S. at 12, 103 S. Ct. at 2848 (where the complaint did "not specifically assert any particular statutory entitlement for the relief it seeks," the Court was able to ascertain the particular provisions of California state law under which the two causes of action arose).  Given that there is a federal cause of action for redressing plaintiff's allegation that her Fourteenth Amendment rights were violated, *Merrell Dow Pharmaceuticals*, *Franchise Tax Board*, and *Gully* are not on point.  Plaintiff's assertions that her federal claims are peripheral to her state claims—assertions that flow from those cases—likewise miss the mark.

Plaintiff's reliance on *California v. Sierra Club*, 451 U.S. 287, 101 S. Ct. 1775 (1981), is misplaced for similar reasons.  (Doc. 4 at 4.)  Plaintiff's pinpoint citation is to a quote from *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 2087 (1975), which sets out the factors "for determining whether a private right of action should be implied from a federal statute . . . ."  *Sierra Club*, 451 U.S. at 292, 101 S. Ct. at 1778.  Those factors and that analysis are completely irrelevant here.  Plaintiff has pleaded that her rights under the Fourteenth Amendment to the United States Constitution were violated.  *See* n. 1 above.  A private right of action exists to redress any such violations; none need be implied.

For all these reasons, the defendants properly removed this action to federal court. Defendants are aware of no applicable law that would authorize this court to remand the

federal claims. The court does, however, have discretion to remand any issue in which state law predominates. 28 U.S.C. § 1441(c).[3] State law does not predominate as to the plaintiff's Fourteenth Amendment claims. The complaint's references to plaintiff's alleged rights under Alabama's Merit System Act are necessary to demonstrate the existence of a state-conferred property interest, the deprivation of which can state a federal procedural due process violation. *See Roth*, 408 U.S. at 576–77, 92 S. Ct. at 2708–09 (explaining that the Fourteenth Amendment safeguards property interests "that stem from an independent source such as state law . . . .").

To accept plaintiff's argument that "[a]ll counts of [the] complaint are grounded in state law" such that her federal due process claims must be heard in state court is to decide that all Fourteenth Amendment procedural due process claims must be heard in state court. (Doc. 4 at 3.) That is simply not the law; federal courts routinely decide procedural due process cases. *See, e.g., Town of Castle Rock v. Gonzales*, 545 U.S. ___, 125 S. Ct. 2796 (2005) (mother brought suit in federal court alleging a violation of her procedural due process rights because the local police failed to enforce a state-law restraining order concerning her estranged husband's access to their children); *Roth*, 408 U.S. 564, 92 S. Ct. 2701 (former assistant professor at a state university brought suit in federal court alleging, among other things, a violation of his procedural due process

---

[3] Section 1441(c) provides:
> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

6

rights); *Thompson v. Bass*, 616 F.2d 1259, 1264–65 (5th Cir. 1980)[4] (former Alabama employee brought suit in federal court alleging, among other things, a violation of his procedural due process rights) *repudiated on other grounds by Monroe County, Florida v. U.S. Dep't of Labor*, 690 F.2d 1359, 1363 (11th Cir. 1982).[5]

Plaintiff has alleged that her rights under the Fourteenth Amendment to the United States Constitution were violated, *see* n. 1 above. (Doc. 1 at ¶¶ 13, 20, 25, 33.) Those allegations make the defendants' removal proper. There is no authority for remanding the properly removed federal claims. And, while there is authority for remanding the state law claims at the court's discretion, such a partial remand would not serve the interests of justice. Accordingly, this court should deny plaintiff's motion for remand to the Circuit Court of Montgomery.

Respectfully submitted,

/s/ Alice Ann Byrne
ALICE A. BYRNE (BYR015)
Attorney for Defendants

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Former Fifth Circuit decisions issued prior to the close of business on September 30, 1981.

[5] Plaintiff relies on *Thompson v. Bass* for the proposition that Alabama's Merit System Act provides her with a protected property interest in her position. (Doc. 4 at 4.) While *Thompson v. Bass* did conclude that "Alabama state law created [the plaintiff's] 'legitimate claim of entitlement to . . . continued state employment," 616 F.2d at 1264 (*quoting Roth*, 408 U.S. at 577, 92 S. Ct. at 2709), it did so in the context of considering the plaintiff's due process challenge. Given that *Thompson v. Bass* is a federal court decision, that conclusion is hardly support for the plaintiff's position here. Moreover, the *Thompson v. Bass* Court agreed that [w]hile the State may define what is and what is not property, once having defined those rights the Constitution[*i.e.,* federal law,] defines due process . . . ." *Id.* at 1265 (citation omitted).

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama 36130
(334) 242-3450
(334) 353-4481 (FAX)

## CERTIFICATE OF SERVICE

I hereby certified that I have served a copy of the foregoing document upon the following:

James W. Wilson, Jr. Esquire
Attorney for Plaintiff
732 Carter Hill Rd.
Montgomery, Alabama 36106

by placing the same in first class mail, postage pre-paid, this the 28th day of November, 2005.

                                                    ____/s/ Alice Ann Byrne_____
                                                      OF COUNSEL