

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-13036

D. C. Docket No. 05-01049-CV-S-N

ROBINA JENKINS,

                                                      Plaintiff-Appellant,

versus

NANCY L. WORLEY,
individually and in her official capacity
as Secretary of State, State of Alabama,
JOE N. DICKSON,
individually and in his official capacity
as a Member of the State Personnel Board,
HARRY MCMILLAN,
individually and in his official capacity
as a Member of the State Personnel Board,
HORACE W. POWELL, SR.,
individually and in his official capacity
as a Member of the State Personnel Board,
JOYCE P. O'NEAL,
individually and in her official capacity
as a Member of the State Personnel Board,
JOHN MCMILLAN,
individually and in his official capacity
as a Member of the State Personnel Board,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

Before HULL and MARCUS, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM:

Plaintiff Robina Jenkins filed this suit against Defendants in Alabama state court alleging, inter alia, violations of the Merit System Act, Ala. Code § 36-26-1, et seq., and the Fourteenth Amendment, based on the termination of her employment with the Alabama Secretary of State's office. Defendants removed the case to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that the district court had original jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

Jenkins moved to remand the case to state court, pursuant to 28 U.S.C. § 1447(c). The district court denied the motion to remand, finding that Jenkins's complaint states federal causes of action. Jenkins now appeals the district court's

---

[*]Honorable Judith M. Barzilay, Judge for the United States Court of International Trade, sitting by designation.

order denying her motion to remand.

"Denial of a motion to remand is an interlocutory order reviewable pursuant to district court certification under 28 U.S.C. § 1292(b) or on appeal from a final judgment." Woodward v. STP Corp., 170 F.3d 1043, 1044 (11th Cir. 1999). Because Jenkins did not obtain district court certification, and because a final judgment has not yet been entered in this case, we lack jurisdiction to consider Jenkins's challenge to the denial of her motion to remand. Id. Accordingly, the appeal is **DISMISSED**.