IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ROBINA JENKINS,**

      **Plaintiff,**

v.                                   **CIVIL ACTION NO.: 2:05-C4-1049C**

**NANCY WORLEY, individually
and in her official capacity as
Secretary of State, State of
Alabama, et al.,**

      **Defendant.**

**PLAINTIFF'S MOTION FOR CERTIFICATION
PURSUANT TO 28 USCS 1992 (b)**

Comes now plaintiff, pursuant to 28 USCS 1292 (b) and move the court to certify for appeal to the United States Court of Appeals for the Eleventh Circuit the issue 'Whether The Allegations In Plaintiff's Complaint That The Action Of The Defendants Violated State Statutes As Well As The Fourteenth Amendment To The United States Constitution Give Rise To Removal Jurisdiction As A Claim Arising Under The Constitution And Laws Of The United States', and in support of the motion show the court as follows:

      1.      On or about March 12, 2007, the United States Court of Appeals for the Eleventh Circuit entered an Order dismissing plaintiff's appeal of this court's Order denying her motion to remand on the ground 'the denial of a motion to remand is an interlocutory order reviewable pursuant to district court certification under 28 U.S.C. 1292 (b) or on appeal from a final judgment.' The Court of Appeals further found

plaintiff did not obtain district court certification and a final judgment has not yet been entered in this case.

  2.  In order for the District Court to certify an interlocutory order for immediate appeal, the court must determine that the following conditions are met: (a.) the order involves a controlling question of law, (b.) as to which there is a substantial ground for a difference of opinion, and (c.) the final resolution of the appeal must have the potential to materially advance the termination of the litigation.  See <u>Katz v Carte Blanche Corp.</u> 496 F2d 747, 753; 28 USC 1292 (b).

  3.  Plaintiff asserts that her claims are grounded in state law, the Merit System Act.  Plaintiff's complaint also alleges that defendant's violation of the Merit System Act deprived plaintiff of her protected property interest, in violation of the Fourteenth Amendment to the United States Constitution.  Plaintiff therefore asserts that the state court has jurisdiction of her claims.  Where the court lacks jurisdiction of plaintiff's claims, a judgment by same is void.  <u>Steph v. Scott</u>, 840 F2d 267.  The question of law before the court involves an issue that would result in a reversal of its judgment after review.  "The clear case of a controlling question of law is one which would result in a reversal of a judgment after final hearing.  <u>Katz v. Carte Blanche Corp.</u>, supra; <u>U.S. V. Compaction Systems Corp.</u> 88 F Supp2d 334.

  4.  Plaintiff cites <u>Beneficial National Bank v. Anderson</u> 539 US 1, where the Supreme Court held, inter alia, 'a state claim may be removed to federal court in only two circumstances—when Congress expressly so provides or when a federal statute wholly displaces the state law course of action through complete pre-emption'.  Plaintiff's claims are based on the Merit System Act.  The Fourteenth Amendment does not provide an

exclusive cause of action for plaintiff's claims.  The Federal claims asserted in plaintiff's complaint do not fall within the exceptions found by the court in Beneficial National Bank v. Anderson.  Therefore, there is substantial ground for dispute as to whether plaintiff's claims arise under the constitution and laws of the United States.   "It is the duty of the district judge faced with motion for certification to analyze strength of arguments in opposition to challenged ruling when deciding whether issue for appeal is truly one on which there is substantial ground for dispute.  Max Daetwyler Corp. v. R. Meyer, 575 F Supp 280, 283.

     5.     The immediate appeal of the jurisdictional issue in this matter will materially advance the ultimate termination of litigation. The lack of jurisdiction of the court renders any final judgment subject to direct appeals and additional trials.  This prospect will result in enormous cost to the parties, prejudice to the plaintiff and an incredible waste of judicial resources.

     WHEREFORE, the above premises considered, plaintiff respectfully requests the court to immediately certify the jurisdictional issue for appeal to the Circuit Court of Appeals, and such other, further and different relief the court deems proper.

     Respectfully,

     /s/James E Wilson, Jr.
     Attorney for Plaintiff

OF COUNSEL:
James E. Wilson, Jr.
732 Carter Hill Road
P. O. Box 6237
Montgomery, Alabama 36106
Tel: 334-834-9899
Fax: 334-834-7557

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing on Alice Ann Byrne, State Personnel Department, 64 North Union Street, Room 316, Montgomery, Alabama 36130 by placing a copy in the United States Mail postage prepaid this 4th day of April, 2007.

<u>/s/James E . Wilson, Jr.</u>