IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBINA JENKINS,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | **CIVIL ACTION** |
| v. ) | **NO:2:05cv1049-C** |
| ) | |
| **NANCY WORLEY, individually and** ) | |
| **in her official capacity as Secretary** ) | |
| **of State, State of Alabama;** *et. al.* ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## OBJECTION TO MOTION TO AMEND THE COMPLAINT

Defendants, by and through undersigned counsel hereby file this Objection to Plaintiff's untimely Motion to Amend the Complaint as follows:

1. A Rule 16 Scheduling Order was entered in this case on May 11, 2007 (Doc. No. 25).

2. This Scheduling Order provided that "Any motions to amend the pleadings and to add parties shall be filed by the plaintiff on or before June 1, 2007, and by the defendant on or before June 30, 2007." (Doc. No. 25, Section 4).

3. The Plaintiff attempts to file an amended complaint on August 23, 2007, nearly three months after the deadline and less than a week before the Plaintiff's deposition.

The Eleventh Circuit has held that when a Request to Amend the Complaint is brought outside the limits set forth in the Court's Rule 16 Scheduling Order, it must be examined under the "good cause" standard

1

set forth in Rule 16 of the Federal Rules of Civil Procedure. *Sosa v. Airprint Systems, Inc*, 133 F.3d 1417 (11th Cir. 1998). The proper standard to be employed is not the more liberal Rule 15(a) standard, but the more restrictive "only upon a showing of good cause" standard. Fed.R.Civ.P. 16(b).

Plaintiffs request to amend their complaint must be evaluated pursuant to the "good cause" standard and such request must fail. In *Sosa*, *Id.*, as in this case, the plaintiff requested to amend the complaint after the deadline set forth in the scheduling order. In *Sosa*, the plaintiff waited four months before propounding written discovery and took no oral depositions until nearly three months after the deadline for amending the complaint. In this case, the plaintiff waited nearly three months after the deadline for amending the complaint before seeking to add an additional count. Plaintiffs request does not even address Rule 16, much less articulate any "good cause" as to their failure to meet the court imposed deadline.

Rule 16(b) erects a more stringent standard than Rule 15, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court. *See Sexton v. Gulf Oil Corp.*, 809 F.2d 167, 170 (1st Cir.1987) *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 518 (5th Cir.1986). As is critically noted, a Scheduling Order is not a "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril" *Goewey v. United States*, 886 F.Supp. 1268, 1283 (D.S.C.1995); *Jordan v. E.I. du Pont de Nemours & Co.*, 867 F.Supp. 1238, 1250 (D.S.C.1994). Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in "secur[ing] the just, speedy, and

2

inexpensive determination of every action." Fed.R.Civ.P. 1.

The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Procrastination, however, is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). A number of trial courts have undertaken a similar analysis. *See, e.g., Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D.N.C.1987) (stating that a party seeking leave to amend after the deadline set forth in a scheduling order must satisfy both Rule 15(a) and 16(b); *Hannon v. Chater*, 887 F.Supp. 1303, 1319 (N.D.Cal.1995); *Tschantz v. McCann*, 160 F.R.D. 568, 570- 71 (N.D.Ind.1995); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217-18 (N.D.Ind.1990); *see also Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1155 (1st Cir.1992) (finding district court did not abuse its discretion by adhering to its scheduling order and refusing plaintiffs' attempt to amend their complaint.); *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D.N.C.1987) (Rule 16(b) standard higher than that of Rule 15(a). There has been a complete lack of diligence by plaintiffs in this case and no good cause can be shown.

Plaintiffs attempt also to add a new count alleging the State Personnel Board failed to conduct a fact-finding hearing in this case. There is nothing in this Request to Amend the Complaint to indicate that the Plaintiff was unaware that the State Personnel Board did not conduct a

3

fact-finding hearing at the time of the filing of her complaint or in the two years prior to the deadline for filing an amended complaint in accordance with the Scheduling Order.

## CONCLUSION

Defendants therefore respectfully request that the Motion to Amend the Complaint be denied.

>
> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
> /s/Alice Ann Byrne
> Alice Ann Byrne (BYR015)
> Attorney for Defendants

OF COUNSEL

State Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
Phone:  (334) 353-0046
Fax:  (334) 353-4481
e-mail:  AliceAnn.Byrne@personnel.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following:

**James E. Wilson, Jr.
732 Carter Hill Road
Montgomery, AL  36106**

By placing the same in first class mail, postage prepaid, this the **28**[th] day of **August**, **2007**.

>
> /s/Alice Ann Byrne
> OF COUNSEL