IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBINA JENKINS, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>NANCY WORLEY, individually and in her )<br>official capacity as Secretary of State, )<br>State of Alabama; JOE DICKSON, )<br>individually and in his official capacity as a )<br>member of the State Personnel Board; )<br>HARRY MCMILLAN, individually and in )<br>his official capacity as a member of the )<br>State Personnel Board; JOHN )<br>MCMILLAN, individually and in his )<br>official capacity as a member of the State )<br>Personnel Board; HORACE W. POWELL, )<br>SR., individually and in his official capacity )<br>as a member of the State Personnel Board; )<br>and JOYCE P. O'NEAL, individually and )<br>in her official capacity as a member of the )<br>State Personnel Board. )<br>)<br>*Defendants.* ) | CIVIL ACTION<br>NO:2:05cv1049-C |

## RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

### ANSWERS TO INTERROGATORIES

Comes now the Defendant, Nancy Worley, (hereinafter "Worley") by and through undersigned counsel, and sets forth the following responses to Interrogatories propounded by the Plaintiff.

### PRELIMINARY STATEMENT

Defendant Worley reserves the right to object to future discovery on the same or related matters, and does not waive any objection by providing the information reflected

**Exhibit 2**
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

in these responses. Defendant Worley further reserves the right to object to the admissibility of any of these responses or related matters, in whole or in part, at trial in this action, on any grounds, including, but not limited to, materiality, relevance and privilege.

## GENERAL OBJECTIONS

1.  Defendant Worley's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, additional objections that Defendant Worley may make. All such objections are hereby expressly preserved as is the right to move for protective order. Defendant Worley reserves all objections as to the admissibility at trial of any information provided.

2.  The supplying of any information or documents does not constitute an admission by Defendant Worley that such information or documents are relevant to this lawsuit. All information or documents provided by this defendant are for use in this litigation only, and for no other purpose.

3.  Defendant Worley objects to each and every discovery request to the extent that (a) the information or documents called for, if any, was objected and prepared in anticipation of litigation or for trial and (b) Plaintiff has made no showing that it has substantial need for the materials in the preparation of its case, and that is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

4.  Defendant Worley objects to each and every discovery request to the extent that the information or documents called for, if any, is protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

5. Defendant Worley objects to each and every discovery request and objects to the instructions and definitions to the discovery requests to the extent that they seek to vary or broaden Defendant Worley's obligations beyond the requirements of the Federal Rules of Civil Procedure or any pretrial orders of the Court in this civil action.

6. Defendant Worley objects to each and every discovery request to the extent that it seeks information or documents not in this defendant's possession, custody or control.

7. Defendant Worley objects to each and every discovery request to the extent that it is overly broad, vague and ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

8. Defendant Worley objects to each and every discovery request to the extent that it seeks information that is confidential, commercial, personnel or proprietary in nature.

9. Defendant Worley reserves the right to supplement its answers to these discovery requests upon completion of discovery.

To the extent applicable, these General Objections are hereby adopted and incorporated into each response as if specifically stated therein. The stating of specific objections in a response shall not constitute a waiver of these General Objections. Further, the stating of a response shall not constitute a waiver of these General Objections or of any specific objections stated in the response.

Defendant Worley responds to these discovery requests in conformity with the obligations imposed on it by the Federal Rules of Civil Procedure.

1. Please identify yourself fully stating your full name, date of birth, driver's license number, social security number, residence address, business address, occupation, and the name of your spouse.

**ANSWER: Nancy Lillian Worley, 11/7/51, SSN: \*\*\*-\*\*-6791; Residence Address: 8352 Brittany Place, Montgomery, AL 36117; no business address; retired; no spouse.**

**OBJECTION: Defendant objects to providing any information relating to her drivers license number or her social security number as this information is subject to privacy laws and is not calculated to lead to discoverable material and is not relevant to any issue in this case.**

2. Please outline your employment history, past and present, giving the name and address of each employer, the dates of employment with each employer, the full duties and nature of each position held.

**ANSWER: Decatur City Schools, Decatur, Alabama, 1973-1997, Teacher of English and Latin, Cheerleader Sponsor; Alabama Education Association President, Montgomery, Alabama, 1983-1984, 1995-1997; NEA/AEA/ARTA Part-time Membership Recruiter, Montgomery, AL, 1998-2001; and Secretary of State, State of Alabama, Montgomery, AL, 2003-2007.**

3. If you have ever been a party to any other lawsuit, either as a plaintiff or defendant, please provide the name of the court, the style and nature of the case and disposition of said suit.

**ANSWER: I am unable to list the other lawsuits in which I have been a Plaintiff or Defendant. This information, however, is public record and is as ready available to the Plaintiff as it is to the Defendant.**

4. On or about the year 2003, the Alabama State Legislature and the Governor authorized budget cuts for state agencies, including the Secretary of State's office. Please state the procedure and process you implemented to comply with the budget cuts.
**ANSWER: As Secretary of State, in order to implement the budget cuts, I met with the Finance Director to review current programs and personnel. We reviewed the budgets of the Secretary of State and the Office of Voter Registration which had come into the Secretary of State's Office (with a 50% proposed budget reduction). We discussed possible budget savings such as closing the warehouse, possible savings through employee attrition and the need for budget cuts to affect programs and services as little as possible. In addition to some temporary "Laborer" cuts, I requested that we try to cut one employee per program category. In Elections, the Director decided which employee's loss would be the least detrimental, in the Program Manager Specialist position, there were two employees (Sharon Frith and Robina Jenkins) and the layoff was conducted in accordance with the Rules of the State Personnel Board.**

5. Please identify the name, address and title of each and every person who was consulted, participated in, worked on, or had any involvement with the budget reduction plan submitted by the Secretary of State's office to the State Personnel Board.
**ANSWER: Trey Granger in the Legal Division and Eleanor Swedenburg in the Finance Division.**

6. Identify the name of each and every employee employed in the Secretary of State's office immediately prior to Plaintiff's layoff and state:
    (a) the classification of each employee in state service;
    (b) the length of service with the Secretary of State's office;
    (c) the rates of pay; and
    (d) service rating.

ANSWER: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents will be $.50 per page.

7. State whether Sharon Viox was appointed Acting Director of the Corporate Division in the Secretary of State's office subsequent to Plaintiff's layoff. If the answer is in the affirmative, please state:
    (a) the date of the appointment;
    (b) type of appointment;
    (c) whether the appointment continues;
    (d) date the appointment terminated;
    (e) classification of Sharon Viox in state service at the date of appointment.

ANSWER: I asked Sharon Viox, an employee in the Secretary of State's Corporations Division, to be the Acting or Interim Director following the layoff. There was no appointment to any position, nor was there a change in Ms. Viox's classification.

8. Please state the proposed budget submitted by the Secretary of State's office to the Finance Department for the years 2003 through 2007.
ANSWER: The Finance Director at the time of the layoffs prepared the budget which I signed for submission. The budgets will be made available for your inspection and review at the State Personnel Department upon adequate notice. Copies of these documents will be $.50 per page.

9. Please identify each and every matter considered by you in recommending that Plaintiff be laid off as a result of required budget cuts in the year 2003.
ANSWER: As stated above, we determined that the layoff of one person per department would least affect the programs and services of the office. There were

6

two employees in the Program Services Manager position and the Rules of the State Personnel Board were followed in determining who was subject to lay off.

10. Identify each and every employee employed in the Secretary of State's office with less seniority than Plaintiff on the date of her layoff.
ANSWER: Each employee's personnel file of the Secretary of State's Office as comprised at the time of the layoff decisions, will be made available for inspection and review at the offices of the State Personnel Board. Please contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents will be $.50 per page.

11. Please state the substance of any oral communication you had with Plaintiff prior and subsequent to her layoff.
ANSWER: None to the best of my knowledge or memory.

12. Please identify each and every person to your knowledge who has any knowledge or information relating to the layoff of the Plaintiff from the Secretary of State's office.
ANSWER: Persons from the Finance and Legal Divisions would be the most knowledgeable regarding the layoff. As to any specific person, other than those previously identified, I have no more knowledge.

13. Please state the substance of each and every communication you have had with the State Personnel Director or any member of the State Personnel Board relating to the layoff of the Plaintiff from the Secretary of State's office, and the date and time of such communication.
ANSWER: None to the best of my knowledge or memory.

SIGNED AS TO RESPONSES:

By: _____
Nancy L. Worley

STATE OF ALABAMA        )
MONTGOMERY COUNTY       )

    I, the undersigned, a Notary Public in and for said State at Large, hereby certify that **Nancy L. Worley**, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, with full authority on behalf of State Personnel Department, executed the above voluntarily for and as the act of State Personnel Department.

    Given under my hand and official seal this the 27th day of September, 2007.

(SEAL)

Notary Public
My Commission Expires: 8/2/09

SIGNED AS TO OBJECTIONS:

_____
Alice Ann Byrne (BYR 015)
Attorney for Defendant Nancy Worley

Address:
STATE PERSONNEL DEPARTMENT—LEGAL DIVISION
64 North Union Street ~ Suite 316
Folsom Administrative Building
Montgomery, AL 36104
(334) 242-3451 *telephone* (334) 353-4481 *fax*

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

14. Produce a copy of the Budget Reduction Plan developed by the Secretary of State as a result of legislatively imposed budget cuts in the year 2003 through 2005.
**RESPONSE:**

**This information will be available for your inspection and review at the Office of the State Personnel Department. Please contact legal counsel to arrange for a mutually convenient time. Copies may be attained at a cost of $.50 per page.**

15. Produce a copy of proposed budgets for the Secretary of State's office submitted to the Department of Finance for the years 2003 through 2006.
**RESPONSE:**

**This information will be available for your inspection and review at the Office of the State Personnel Department. Please contact legal counsel to arrange for a mutually convenient time. Copies may be attained at a cost of $.50 per page.**

16. Please provide copies of any and all notes, documents, memoranda or other writings of the Secretary of State to the director of the State Personnel Board or the State Personnel Board requesting certification of names of persons eligible for the classification (Department Program Manager) for the years 2003 through 2006.
**RESPONSE: None.**

17. Please provide copies of any and all notes, documents, memoranda or other writings in any form or of any nature of the Secretary of State to the director of the State Personnel Board or the State Personnel Board requesting to transfer any classified employee within the Secretary of State's office subsequent to Plaintiff's layoff.
**RESPONSE: None.**

9

18. Please provide copies of the budgets approved by the legislature for the Secretary of State's office for the years 2003 through 2006.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents may be made at this time for $.50/page.**

19. Please provide copies of the "service rating" of the Plaintiff and each employee in the Secretary of State's office immediately prior to Plaintiff's layoff.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents may be made at this time for $.50/page.**

20. Please provide a copy of the "service rating" of Sharon Viox immediately prior to Plaintiff's layoff.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents may be made at this time for $.50/page.**

21. Please provide a copy of Plaintiff's personnel file.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents will be $.50 per page.**

22. Please provide copies of the personnel files of all employees employed in the Secretary of State's office immediately prior to Plaintiff's layoff.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents will be available at this time for $.50 per page.**

23. Please provide copies of any and all notes, documents, memoranda, or other writings in any form or of any nature which in any way pertains to the appointment of Sharon Viox as Acting Director of the Corporate Division, in the Secretary of State's office.

**RESPONSE: None**

24. Please provide copies of any and all correspondence, letters, notes, notices, forms, records of telephone conversations, memoranda, and/or other documents by and between you or anyone acting on your behalf and any agent, servant, employee, or representative relating to the appointment of Sharon Viox as Acting Director of the Corporate Division in the Secretary of State's office.

**RESPONSE: None.**

25. Please provide copies of any and all notes, documents, memoranda, correspondence, letters, notes, notices, forms, records of telephone conversations and/or other documents by and between you or anyone acting on your behalf and any agent, servant, employee, or representative relating to the layoff of the Plaintiff as Department Program Manager in the Secretary of State's office.

**RESPONSE:**
**The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents may be made at this time for $.50/page.**

26. Please provide copies of any document indicating the rate of pay of Sharon Viox prior and subsequent to her appointment as Acting Director of the Corporate Division in the Secretary of State's office.

**RESPONSE: The requested information will be made available for inspection at the offices of the State Personnel Department. Plaintiff should contact counsel for the Defendant to schedule a mutually convenient time for inspection. Copies of the documents will be $.50/page.**

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

_____
Alice Ann Byrne (BYR015)
Attorney for Defendant

OF COUNSEL

State Personnel Department
64 North Union Street, Suite 316
Montgomery, AL 36130
Phone: (334) 353-0046
Fax: (334) 353-4481
e-mail: AliceAnn.Byrne@personnel.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following:

**James E. Wilson, Jr.
732 Carter Hill Road
Montgomery, AL 36106**

By placing the same in first class mail, postage prepaid, this the 27th day of **September, 2007**.

_____
OF COUNSEL

12