IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBINA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO:2:05cv1049-C |
| | ) | |
| NANCY WORLEY, individually | ) | |
| and in her official capacity as | ) | |
| Secretary of State, State of | ) | |
| Alabama; et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Jackie Graham, who being known to me and being by me first duly sworn and says as follows:

1. My name is Jackie B. Graham and I am over 21 years of age. I am the State Personnel Director and have personal knowledge of that which is contained herein.

2. In fiscal year 2003-2004, many state agencies experienced budget cuts. Personnel costs comprise the majority of all state agency budgets. Due to these budget cuts, several hundred state employees were affected by layoffs, retirements, voluntary demotions, or transfers.

**Exhibit 3**
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

3. In order for an agency to proceed with a layoff, a layoff plan must be submitted to the State Personnel Department. The layoff plan must include:

   a. A statement of the circumstances requiring the layoff.

   b. The number of positions in each classification to be abolished.

4. The appointing authority must certify to the State Personnel Director that the layoff is not discreditable to the employee. A layoff plan is presumed to be done in good faith and the presumption of good faith attends the action of the agency pending any review by the State Personnel Board.

5. In a layoff process, an efficiency rating, sometimes called the layoff score or retention score, is the numeric value used to rank employees in the layoff process. The efficiency rating is based on an employee's performance appraisal scores and seniority and is computed by multiplying the sum of the points for performance by fifty (50) percent and the sum of points for seniority by fifty (50) percent and combining the sum of both factors. These ratings are based upon the total length of continuous service and the performance appraisal scores earned in the class or class series in the department affected by the layoff.

6. An employee's performance appraisal score is determined by averaging the employee's most recent three (3) annual evaluations or fewer if three are not recorded.

7. An employee's seniority score is determined by crediting seventy (70) points for completion of the probationary period in the class and adding one-fourth (1/4) point for each additional full month or major fraction thereof for continuous service in the class in the department affected by the layoff.

8. Employees laid off in good standing are placed on the layoff reemployment register for the respective classification for a period of two years. During this time, the appointing authority cannot hire persons in this class from the register or provisionally, as long as one available employee laid off by the appointing authority is on the layoff reemployment register for the class. Also, no other department can hire any employees from an open-competitive register in the same class as long as one laid off employee is still available for the position. Refusal of offers of reemployment forfeits an individual's rights regarding reemployment.

9. A provisional appointment is available whenever it is impossible to certify eligible persons for appointment to a vacancy in the classified service. The provisional appointment is only authorized until an appropriate register can be established and an

appointment made from the register. A provisional appointment cannot last for more than 156 work days.

10. Unless otherwise prohibited by law, classifications to be abolished or to be part of the layoff plan are within the complete discretion of the appointing authority.

11. Acting within her discretion, Secretary of State Nancy Worley, on October 9, 2003, submitted a layoff plan to the State Personnel Department. (Attachment A). Other than the layoff of a statutorily created position (Director of Voter Registration), which was later withdrawn, the layoff plan was determined to be technically correct and in compliance with the Rules of the State Personnel Board. (Attachment B).

12. In addition to other personnel cuts, one Departmental Program Manager Position was abolished under the Secretary of State's layoff plan. (Attachment A).

13. Retention scores for the two people in the position of Departmental Program Manager position were calculated as described above. Sharon E. Frith had an efficiency rating of 95.00 while Robina [Jenkins] Wilson's efficiency rating was 93.07. (Attachment C).

14. The retention calculation was as follows:

Sharon E. Frith– attained status in the class on January 20, 1997:

80 months in class

Performance Appraisal Scores:

| | | |
|---|---|---|
| 2000: | 40 – converted to 100 | |
| 2001: | 40 – converted to 100 | |
| 2002: | 40 – converted to 100 | |
| | 300 | |

PA score: 300 /3 =     100 x 50% =                    50.00

Seniority Score:

70 (probation completion) + (80  x .25) =  90 x 50% = 45.00

**Efficiency Rating:  (PA+ Seniority)     50 +45 =          95**

Robina Jenkins – attained status in the class on January 20, 1997:

80 months in class

Performance Appraisal Scores:

| | | |
|---|---|---|
| 2000: | 39 – converted to 98.71 | |
| 2001: | 36 – converted to 94.85 | |
| 2002: | 36 – converted to 94.85 | |
| | 288.41 | |

PA score:  288.41 /3 =          96.14 x 50% =      48.07

Seniority Score:

70 (probation completion)+(80 x .25) =  90 x 50% =  45.00

**Efficiency Rating (PA + Seniority) 48.07 + 50 =       93.07**

15. In accordance with the layoff plan submitted by Nancy Worley, Ms. [Jenkins] Wilson, whose retention score was the lowest in the classification of Departmental Program Manager, was the individual who was laid off effective October 31, 2003.

16. Ms. [Jenkins] Wilson was notified that no one could be appointed in the classification of Departmental Program Manager

from any register or appointed provisionally in this position for a period of two years [until October 31, 2005] without the position first being offered to Ms. [Jenkins] Wilson. (Attachment D).

17. A review of the records of the State Personnel Department confirms that no one was either hired off a register or provisionally appointed as a Departmental Program Manager from October 31, 2003 to December 1, 2006, which is over a year after Plaintiff's layoff reemployment rights expired.

18. It is not uncommon for individuals to serve in an "acting" capacity in state government. Due to death, illness, layoffs, budget cuts, or other legitimate reasons, individuals are sometimes called upon to perform duties outside their merit system classification in an "acting" capacity.

19. Sharon Viox was appointed as an Administrative Support Assistant III in the Secretary of State's office on August 26, 2000 and, as of December 1, 2007, was still in the classification of Administrative Support Assistant III.

20. A review of Ms Viox's State personnel file shows that she did not receive a merit increase from March of 2003 until March of 2006. Ms. Viox received a Cost of Living Raise (COLA) in 2005 which was passed by the Alabama Legislature for all state employees.

21. Plaintiff claims that Ms. Viox became "acting Director of Corporations." The title of "Director of Corporations" is a working title within the Secretary of State's office as no merit system classification for this title exists. The Plaintiff was laid off from her merit system classification of Departmental Program Manager, not "Director of Corporations."

**FURTHER AFFIANT SAYETH NOT**

<u>_Jackie Graham_</u>
**JACKIE GRAHAM**

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY )

I, the undersigned, a Notary Public in and for said County and State, hereby certify that JACKIE GRAHAM, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she voluntarily executed the same on the day the same bears date.

Given under my hand and seal this the 13th day of December, 2007.

<u>_____</u>
NOTARY PUBLIC

My Commission Expires: _10/06/08_



**NANCY L. WORLEY**
SECRETARY OF STATE

First Floor, State Capitol
Suite S-105
600 Dexter Avenue
P.O. Box 5616
Montgomery, Alabama 36103-5616

## State of Alabama

October 9, 2003

Mr. Tommy Flowers, Director
State Personnel Board
64 N. Union St.
P.O. Box 304100
Montgomery, AL 36130

Dear Mr. Flowers and Personnel Board:

Although this is the most difficult letter I have ever written, I know that budget cutbacks to the Secretary of State's operating budget in the amount of eighteen percent (18 %) and an even higher percentage cut to the Office of Voter Registration, which is now a part of our office, necessitates these actions.

After consultation with Division Directors, Personnel Manager, and Management Personnel, and with their collective recommendations, I submit the layoff plan below. This layoff is required in order to operate efficiently within the reduced funding for the Secretary of State's (which now includes the Office of Voter Registration) Office. The layoff is not discreditable to the employees affected by the action and has been administered in good faith and in a fair and prudent fashion. Anyone affected by the action will be given information concerning benefits and reemployment rights afforded to them.

I propose the following plan with estimated budget amounts:

1. Not fill the position of an ASA I who resigned in UCC      $ 21,500
   (The dollar amount reflects salary and benefits)
2. Close the Secretary of State's Warehouse
   Layoff the Warehouse Supervisor    $ 33,500
   Layoff Laborer at the Warehouse    $ 17,700
   (An undetermined savings in utilities costs by using MINIMUM heat/air)
3. Abolish one Department Program Manager Position    $ 53,500
   (Data Gathering/Entry Forms are attached for the individuals who are currently in this class)
4. Layoff one Laborer position in Corporations    $ 19,500
5. Layoff the Supervisor of Voter Registration    $ 65,000
6. Reduce the salary of Attorney III Charles Grainger, Jr. by 18 %    $ 18,000
   (He agreed to accept this reduction in salary in his classification – see notarized letter of acceptance attached)

*Attachment A*
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

OFFICE (334) 242-7206,  FAX (334) 242-4993,  E-MAIL SOS@SOS.AL.GOV  •  ELECTIONS (334) 242-7210,  FAX (334) 242-2444
CORPORATIONS (334) 242-5324,  FAX (334) 240-3138  •  UCC (334) 242-5231,  FAX (334) 353-8269  •  LEGAL (334) 242-7202,  FAX (334) 353-9155
LANDS & TRADEMARKS (334) 242-5325,  FAX (334) 240-3138  •  PUBLIC INFORMATION (334) 242-7224,  FAX (334) 353-8993

TOTAL SAVINGS          $228,700

Additionally, I request that five of the seven laborers remain employed in the Secretary of State's Office because it would be too detrimental to the agency's service to layoff these employees immediately. I will work with these laborers and give them a maximum period of six months to take the State Personnel test. Thereafter, these positions will be replaced with classified employees in the merit system classification.

Furthermore, probation will be extended to essential personnel who are currently in Probationary status, since additional cuts may have to be made in the future.

While other adjustments may have to be made at a later date, I have done everything possible to cut unnecessary expenditures in the Office of Secretary of State. In addition to eliminating one position through attrition and closing the warehouse and saving utilities and personnel there, I have stopped the use of state gas cards and reimburse gasoline receipts for official business only, cut off all cell phones and pagers except two, and have changed the telephone sets in two divisions for cheaper sets. Our entire agency continues to examine ways in which we can save money and perform our duties to the best of our ability.

Please consider this layoff plan as the best attempt to continue the functioning of the agency in spite of budget reductions, and know that it is submitted with great difficulty.

Sincerely yours,

Nancy L. Worley
Secretary of State

## CHAPTER 670-X-18
## SEPARATIONS FROM SERVICE

### TABLE OF CONTENTS

670-X-18-.01    Layoffs
670-X-18-.02    Dismissals
670-X-18-.03    Suspensions
670-X-18-.04    Resignations

670-X-18-.01    <u>Layoffs</u>.

(1)        An appointing authority may lay off an employee whenever it is deemed necessary by reason of shortage of work or funds, or the abolition of a position or other material change in duties or organization.  The order in which an employee is to be laid off in the classified service shall be determined by the appointing authority in accordance with these rules.

(2)        The appointing authority shall submit a plan for the layoff to the State Personnel Director, where possible at least fifteen (15) working days in advance of the effective date, who shall review the plan to ensure that:

(a)        A statement of the circumstances requiring the layoff is made.

(b)        The plan includes:

1.        The list of employees in each class in order of retention showing computation of the efficiency ratings.

2.        The scope of the competitive area determined by the certification from which the affected employees were appointed, i.e., local county, or statewide employment registers.

(3)        The appointing authority shall certify to the Director that the layoff is not discreditable to the employee. Under no circumstances is a layoff to be used as a disciplinary action against an employee.

(4)        Competition shall be among all employees holding positions of a particular class governed by the manner in which they were appointed.  If the reduction in

72

force is to apply to more than one class, each class shall be treated separately, except where reductions are to be made in a class of positions which is one of a series of classes (e.g., Clerk I, Clerk II, Clerk III).

(5)         A permanent employee may displace another employee in the same classification by a process called bumping.  When a job is being abolished, all departmental employees in the competitive class can compete to determine which employee is in the lowest category and should therefore be laid off.  The person occupying the abolished position then has the opportunity of moving to the position occupied by the employee with the lowest efficiency rating.

(6)         A permanent employee may also bump another employee in a lower class in the same series in which he formerly held status.  At the discretion of a department head and with the approval of the Director, a permanent employee may be allowed to bump another employee in a lower class in a related series in which he formerly held status if such option is specified as part of the layoff plan. Seniority and performance appraisal scores attained in the higher class shall be included in the computation of the efficiency rating in the lower class.  The Director shall make a determination about the relationship between classes for layoff purposes upon request of the appointing authority.

(7)         Employees who are temporary, provisional, or probationary are considered to be nonstatus.  Before permanent status employees in a job class are laid off or demoted, all nonstatus employees in the job class must be separated, except when retention is specified by law.

(8)         Efficiency ratings shall be based upon the total length of continuous service and the performance appraisals earned in the department in the class or class series affected by the layoff.

(a)         Performance Appraisal Score - Average the last three performance appraisal ratings, or fewer if three are not recorded. An employee who has never received a performance appraisal and has received permanent status shall receive a score computed from the final probationary performance appraisal rating.

(b)        Seniority Score - Seventy (70) points shall be allowed for completion of probation in the class. One-fourth (1/4) point shall be credited for each additional full month or major fraction thereof for continuous state service in the class or classes affected by the layoff.  (Fifteen (15) days or more will be considered as one month; less than fifteen (15) days will be disregarded.)

(c)        Continuous State service for the purpose of layoff means employment in the class in the department affected by the layoff without a payroll break not covered by an approved leave of absence with or without pay provided, however, that an employee laid off shall not be considered to have a break in service when reemployed within two years.

(9)        Efficiency ratings shall be computed by multiplying the sum of points for performance by fifty (50) percent and the sum of points for seniority by fifty (50) percent and combining the sum of both factors.  The efficiency ratings so computed shall constitute an employee's "efficiency rating" as that term is used in Code of Ala. 1975, §36-26-15(b).

(10)        The order of the layoff of permanent employees in each class shall be governed by the employees' respective efficiency ratings (computed in the manner just described) and veteran's preference.  The layoff lists will be prepared by placing the employee with the highest efficiency rating at the top of the list, and the employee with the lowest efficiency rating at the bottom of the list.  Layoff will be in inverse order beginning at the bottom of the list and the total number of positions in the class to be abolished will determine the number of employees to be laid off.  Should two or more employees have the same efficiency rating, the order of layoff will be determined by giving preference for retention in the following sequence:

(a)        A veteran shall have preference over a non veteran.

(b)        The employee with the longest service in the class.

74

(c)        The employee with the longest departmental service.

(d)        In case of further ties, the Director shall make a determination consistent with these rules.

(11)        Employees laid off in good standing will be placed on the reemployment register for two years. Further, during this time period the department involved may not hire persons in the class from any register, or provisionally, as long as one available employee laid off by the department is on the reemployment register for the class, provided, however, that a person who refuses offers of reemployment shall forfeit such rights to subsequent placements as provided under Rule 670-X-9-.02, Subsection 5; Removal of Names from the Register. (See last paragraph of this section for provisions of Act No. 83-493, 1983 Regular Session, Alabama State Legislature.)

(12)        Any laid off person who is reemployed within the prescribed time shall not be required to serve a probationary period if reemployed in the Department and the job class from which laid off.

(13)        An employee who bumps to a lower class in a related series as a result of layoff shall be reinstated to the former higher class with permanent status whenever a vacancy occurs in such higher class within the department, provided, however, that an employee who accepts a voluntary demotion in the department in lieu of a layoff and who is subsequently promoted to the class from which the employee was demoted in lieu of layoff may be promoted with permanent status at the discretion of the department head. Such promotion shall be considered a return to former status and does not entitle the employee to a promotional raise or a probationary raise.

(14)        The appointing authority must give the employee(s) to be laid off written notice which includes reasons:  For example, shortage of work or funds, abolition of a position, or material change in duties or organizations.  Reasonable advance notice should take into consideration the needs of the employee as well as the agency; however, where possible should be at least ten (10) working days.  In addition, the appointing authority shall make all reasonable effort to provide the following information to each employee both orally and/or in writing:

75

(a)        Benefits to which employees may be entitled,
i.e., unemployment compensation procedure, employment
rights, options available for health insurance, retirement.

(b)        Efforts toward alternative jobs.

(15)        The plan as adopted by the appointing
authority shall be available upon written request for
perusal by an employee or former employee adversely
affected.

In addition to any rights currently provided
to state employees, any permanent state employee who is
laid off from a position under the state merit system shall
have priority for any other position in the same class
filled from an open competitive register by any appointing
authority in accordance with rules adopted by the State
Personnel Board.  Revised by Act No. 83-493, 1983 Regular
Session of Alabama State Legislature.

**Author:**
**Statutory Authority:**  Code of Ala. 1975, §§36-26-9,
36-26-26.
**History:**  Filed September 29, 1981.  **Amended:**  Filed
February 23, 1983; effective March 30, 1983.  Amended by
virtue of Legislative Act. No. 83-493; Amendment adopted
April 21, 1993, effective June 15, 1993.

STATE OF ALABAMA
SECRETARY OF STATE
LAYOFF SYSTEM
LAYOFF CONTROL LIST

PAGE: 1

CLASS: 11980

| SSAN | NAME | EMP LOC | CURRENT CLASS | EFFICIENCY RATING | P/T STATUS | P/F TIME | VP IND |
|------|------|---------|---------------|-------------------|------------|----------|--------|
| ████ | SHARON E FRITH | 000 | 11980 * | 95.00 | Y | F | |
| | ROBINA J WILSON | 000 | 11980 * | 93.07 | Y | F | |

* DENOTES THAT THIS EMPLOYEE IS CURRENTLY WORKING IN CLASS 11980

**Attachment C**
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

LAYOFF MASTER RECORDS WITH SCORES

| SSAN | NAME | CLASS CODE | EMP LOC | P/A 1 | P/A 2 | P/A 3 | P/A AVG | P/F TIME | VP IND | STATUS DATE | LWOP MONTHS | TOTAL MONTHS | EFFNCY RATING |
|------|------|-----------|---------|-------|-------|-------|---------|----------|--------|-------------|-------------|--------------|---------------|
| ████ | FRITH SHARON E | 11980 | 000 | 100.00 | 100.00 | 100.00 | 100.00 | F | N | 1/20/1997 | 0 | 80 | 95.00 |
| ████ | WILSON ROBINA J | 11980 | 000 | 98.71 | 94.85 | 94.85 | 96.14 | F | N | 1/20/1997 | 0 | 80 | 93.07 |

| | | CLASS CODE | EMP LOC | P/A 1 | P/A 2 | P/A 3 | P/A AVG | P/F TIME | VP IND | STATUS DATE | LWOP MONTHS | TOTAL MONTHS | EFFNCY RATING |
|---|---|-----------|---------|-------|-------|-------|---------|----------|--------|-------------|-------------|--------------|---------------|

(1) <u>10 / 01 / 03</u>
     DATE

D A

## STATE PERSONNEL DEPARTMENT
## LAYOFF  SYSTEM
## DATA GATHERING/ENTRY FORM

(2) SSN ███-██-█████

(3) NAME: Sharon E Frith_ _ _ _ _ _ _ _ _

(4) CURRENT CLASS: 1 1 9 8 0       (5) LOCATION: 5 1

(6) PROBATION RATING: _ _ _ . _ _    STATUS DATE: _ / _ / _

(7) PERFORMANCE APPRAISAL #1: _100.00_ _4 0 . 0 0    DATE: 12 / 01 / 02

(8) PERFORMANCE APPRAISAL #2: _100.00_ _4 0 . 0 0    DATE: 12 / 01 / 01

(9) PERFORMANCE APPRAISAL #3: _100.00_ _4 0 . 0 0    DATE: 12 / 01 / 00

(10) PERMANENT STATUS (Y or N): Y

(11) PART TIME/FULL TIME (P or F): F

(12) VETERANS PREFERENCE: (Y or N): N

| (13) CLASS CODE | (14) DATE ATTAINED STATUS | (15) LWOP MONTHS |
|---|---|---|
| 1 1 9 8 0 | 1 / 20 / 97 ✓ | 0 |
| 1 0 1 4 4 | 4 / 8 / 89 | 0 |
| 1 0 1 4 3 | 7 / 17 / 88 | 0 |
| 1 0 1 4 2 | 10 / 24 / 87 | 0 |
| _ _ _ _ _ | _ / _ / _ | _ _ _ |
| _ _ _ _ _ | _ / _ / _ | _ _ _ |

REVISED 09/05/2003

(1) 10/01/03
DATE

D4

STATE PERSONNEL DEPARTMENT
LAYOFF  SYSTEM
DATA GATHERING/ENTRY FORM

(2) SSN ███-██-█████

(3) NAME: _Robina J. Wilson_____

(4) CURRENT CLASS: 1 1 9 8 0      (5) LOCATION: _51_

(6) PROBATION RATING: _____      STATUS DATE: ___/___/___

98.71
(7) PERFORMANCE APPRAISAL #1: _39.00    DATE: 12/01/02

94.85
(8) PERFORMANCE APPRAISAL #2: _36.00    DATE: 12/01/01

94.85
(9) PERFORMANCE APPRAISAL #3: _36.00    DATE: 12/01/00

(10)  PERMANENT STATUS  (Y or N): _Y_

(11) PART TIME/FULL TIME (P or F): _F_

(12) VETERANS PREFERENCE: (Y or N): _N_

| (13) CLASS CODE | (14) DATE ATTAINED STATUS | (15) LWOP MONTHS |
|---|---|---|
| 1 1 9 8 0 | 1/20/97 ✓ | —0— |
| ~~11919~~ | ~~1/2/91~~ | —0— |
| _____ | __/__/__ | ____ |
| _____ | __/__/__ | ____ |
| _____ | __/__/__ | ____ |
| _____ | __/__/__ | ____ |
| _____ | __/__/__ | ____ |

*REVISED 09/05/2003*

**NANCY L. WORLEY**
SECRETARY OF STATE



First Floor, State Capitol
Suite S-105
600 Dexter Avenue
P.O. Box 5616
Montgomery, Alabama 36103-5616

## State of Alabama

October 16, 2003

Ms. Robina Jenkins
Secretary of State's Office
2418 Elsmeade Drive
Montgomery, AL 36116-3006

Dear Ms. Jenkins:

To confirm our conversation on October 7, 2003, because of budget cuts, your
employment will end effective at the close of business on October 31, 2003.

I sincerely appreciate your work for the Secretary of State's Office and your layoff does
not reflect negatively in any way on the work you have done in your role as a
Departmental Program Manager.

The following benefits are applicable to you as a laid off biweekly employee. Please
review these benefits and contact the appropriate agency concerning any additional
questions you might have.

1.  You will be paid for any annual leave balance that you have as of the close of
    business on October 31, 2003. You can expect receipt of your annual leave
    payment approximately 30 days after your date of layoff. However, if you
    transfer to another state agency and have no break in service, the receiving agency
    may, at its discretion, accept the transfer of your sick and annual leave balances.

2.  You are eligible to continue your health insurance coverage for an extended
    period of time if you pay monthly premiums of $561 per month at the beginning
    of each month after you are removed from the payroll. If you have dependent
    coverage and want to maintain it, the cost is $167 per month in addition to the
    $561. If you wish to keep your health insurance coverage, you should contact the
    State Employees Insurance Board at (334) 833-5900 or at the RSA Tower, 17th
    Floor, at 201 Monroe Street, Montgomery, Alabama 36104.

3.  If you have any questions regarding your retirement, you may contact the
    Retirement Systems of Alabama at (334) 832-4140 or Post Office Box 302150,
    Montgomery, Alabama 36130-2150. You may leave your retirement
    contributions in the system up to five years. You also have the option of
    withdrawing your retirement contributions, and if you elect to do so, your payroll

**Attachment D**
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

OFFICE (334) 242-7206, FAX (334) 242-4993, E-MAIL SOS@SOS.AL.GOV  •  ELECTIONS (334) 242-7210, FAX (334) 242-2444
CORPORATIONS (334) 242-5324, FAX (334) 240-3138  •  UCC (334) 242-5231, FAX (334) 353-8269  •  LEGAL (334) 242-7202, FAX (334) 353-9155
LANDS & TRADEMARKS (334) 242-5325, FAX (334) 240-3138  •  PUBLIC INFORMATION (334) 242-7224, FAX (334) 353-8993

clerk will assist you in filling out the necessary forms. It may be approximately four to six weeks after you apply before you will receive your check.

4. You may be eligible for unemployment compensation benefits. You should contact your local Unemployment Compensation Office as soon as possible. Please take a copy of this letter with you.

You will be placed on the layoff reemployment register for the classification in which you were laid off for two years. During this time, the appointing authority of this agency cannot hire someone in this class from the register or provisionally as long as you are available for reemployment. Also, no other state agency can hire any employees from an open-competitive register in your class as long as you are available for the position. It is important to note that your refusal of an offer shall forfeit your rights regarding layoff reemployment.

Please leave your keys and any other small property items belonging to the State of Alabama with Mrs. Eleanor Swedenburg, Finance Director, on your last day of work. Mrs. Linda Nelson, Personnel Director, and Mrs. Swedenburg will provide you with any paperwork, which you need to complete at this time.

Again, thank you for the service you have given to the people of Alabama and to the Secretary of State's Office.

Sincerely yours,

Nancy Worley
Secretary of State

Cc: Eleanor Swedenburg
    Linda Nelson
    State Personnel ✓
    Personnel File