# OFFICE OF THE ATTORNEY GENERAL



# 93-00292

**JIMMY EVANS**
ATTORNEY GENERAL
STATE OF ALABAMA

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130
AREA (205) 242-7300

August 19, 1993

Honorable Perry O. Hooper, Jr.
Member, House of Representatives
4121 Carmichael Road
Montgomery, AL  36106-3640

> State Departments and
> Agencies - State Employees -
> Employees, Employers,
> Employment - Merit System
>
> If there are no statutory
> prohibitions, a classified
> employee may be designated to
> serve as an "acting" officer
> within state government.

Dear Representative Hooper:

This opinion is issued in response to your request for an opinion from the Attorney General.

## QUESTION

Is it legal to designate classified state employees to "acting" positions within state government?

## FACTS, LAW AND ANALYSIS

*Code of Alabama* 1975, § 36-26-10(d) provides for employees in the classified service of the state. These employees are all employees not in the exempt or unclassified service, and they are subject to the provisions of the state merit system.

**Exhibit 7**
*Jenkins, USDC 05 cv 1049*
*SPD Mtn for Summary Judgment*

Honorable Perry O. Hooper, Jr.
Page 2

My research reveals one provision where a merit system employee is to become "acting" director of a state department when a vacancy occurs. Regarding the Department of Environmental Management, § 22-22A-4(c) states:

> "(c) There shall be a deputy director of the department who shall be a merit system employee. The deputy director shall assist the director and shall have charge and general supervision of the department in the absence or disability of the director. In the case of a vacancy in the office of director, the deputy director shall become the acting director of the department and shall have the full powers of the office of director until the environmental management commission appoints a successor to the director."

The Attorney General concluded in an opinion to Honorable Guy Hunt, Governor, dated October 31, 1991, A.G. No. 92-00046, that the Governor could designate an assistant director of finance, a merit system employee, to fulfill the functions and duties of the director of the Finance Department in the event of a vacancy in that office. Quoting from that opinion:

> "In the instant case, the office of director of finance shall remain vacant but an assistant director of finance [whose position was created by the State Personnel Board and who is a public employee and not a public officer, see <u>Burdett v. Dept. of Revenue</u>, 487 So.2d 944 (Ala. 1986)] shall be designated to perform the functions and duties of the office during the time it is vacant. Such designee shall occupy only his position as public employee and shall not be formally appointed nor commissioned nor take the prescribed oath of office as director of finance but shall be authorized by the Governor to fulfill the functions and duties of the office." (Bracketed material and emphasis in original.)

Honorable Perry O. Hooper, Jr.
Page 3

It was further stated in the opinion to Governor Hunt that the authority to appoint "acting" officers guards against the lapse of governmental operations due to a vacancy in the office.

Considering the above, while in most instances there is no provision authorizing the designation of an "acting" position, there has been a practice of designating a classified employee to serve in an exempt position. If there are no statutory prohibitions against such appointment, the Attorney General is of the opinion a classified employee may be designated to serve as an "acting" officer.

## CONCLUSION

If there are no statutory prohibitions, a classified employee may be designated to serve as an "acting" officer within state government.

I hope this sufficiently answers your question. If our office can be of further assistance, please do not hesitate to contact us.

Sincerely,

JIMMY EVANS
Attorney General
By:

JAMES R. SOLOMON, JR.
Chief, Opinions Division

JE/LKO/jho
H7.93/OP