IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBINA JENKINS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **NANCY L. WORLEY,** *et al.* | ) | Case No. 2:05-CV-1049 |
| | ) | |

**MOTION FOR THE COURT TO ACCEPT, OUT OF
TIME, THE DEFENDANTS' "MOTION FOR SUMMARY
JUDGMENT" AND "BRIEF IN SUPPORT OF
<u>THE MOTION FOR SUMMARY JUDGMENT"</u>**

Pursuant to Fed.R.Civ.P. 6(b) (2), Defendants hereby respectfully request the Court to find excusable neglect and accept the Motion for Summary Judgment and Brief in Support thereof, out of time. Based upon Court's Uniform Scheduling Order, (Doc. No. 25) the Motion and Brief in Support of Summary Judgment were due on October 17. 2007. The Motion and Brief, however, were not filed until December 14, 2007, the date set forth in the Report of the Parties Planned Meeting. (Doc. No. 22). Defendants request that the Court find excusable neglect based upon the following:

1. On September 10, 2007, the State Personnel Department began upgrading the computer software on employees' computers from Office 2003 to Office 2007. (See attached affidavit of Alice Ann Byrne)

2. Within a two week period after September 10, 2007, the undersigned's laptop and desktop computer were upgraded.

3. Shortly thereafter, the undersigned began noticing problems with the Calendar program of Outlook 2007.

4. The undersigned contacted the IT division of SPD upon noticing that previously calendared events would not be on the calendar. One day an event would be on the calendar, the next day it would have "disappeared" from the calendar. This scenario repeated itself for several weeks with the IT division unable to locate the problem.

5. Finally, it was discovered that "duplicate" calendars had been created – one on the Exchange Server and one on the computer. Items that were placed on one calendar would not appear on the other calendar. As a solution, the IT division "deleted" the computer calendar and no more problems have occurred regarding the "disappearance" of events from the Calendar.

6. When the duplicate calendar was deleted, all active case files were pulled and dates were verified or in many instances re-calendared in an effort to ensure that all deadlines were properly docketed.

7. When the Opposition to Summary Judgment was filed alleging that the Motion and Brief were untimely filed, the undersigned reviewed the Uniform Scheduling Order and the Report of the Parties Planned Meeting in an effort to determine the correct deadlines.

8. Upon review, it was discovered that upon "re-calendaring," the dates contained in the Report of the Parties Planned Meeting were

inadvertently used rather than the dates contained in the Uniform Scheduling Order.

9. To the best of the undersigned's knowledge and belief, the dates contained in the Uniform Scheduling Order (Doc. No. 25) were originally and correctly calendared. (these dates are highlighted on Defendants' copy which denotes it has been calendared.) However, when the review and re-calendaring occurred, it appears the dates contained in the "Report of the Parties Planned Meeting" (Doc. No. 22) were the dates placed on the calendar (also highlighted on Defendants' copy), rather than the correct dates contained in the Uniform Scheduling Order.

10. The undersigned filed the Motion and Brief in Support of the Motion for Summary Judgment believing that such was being filed in accordance with the deadlines set in this case.

## ARGUMENT

Rule 6(b)(2) of the Federal Rules of Civil Procedure states:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion....(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

To establish excusable neglect, "the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting

the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co., Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990)). "With respect to the third element, 'a technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Id.* (citing *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980) (per curiam)).

In this case, in addition to other meritorious defenses, the Defendants have asserted the defenses of both absolute and qualified immunity. These defenses are lost if government officials are forced to litigate claims because the entitlement is immunity from suit. To that extent, the Eleventh Circuit in *Hill v. DeKalb Regional Youth Detention Center,* 40 F.3d 1176 (1th Cir. 1994) (rev'd on other grounds) accepted the qualified immunity issue on an interlocutory appeal even though the district court failed to allow the defendants to address qualified immunity due to the summary judgment brief being untimely. Citing to *Mitchell v. Forsyth*, 472 U.S. 511,526 (1985), the Eleventh Circuit found that the summary judgment motion was due to be addressed because " . . . the Supreme Court has instructed that claims of qualified immunity must be determined pretrial or the doctrine would be meaningless and this protection effectively would be denied." *Hill* at 1184 f.n.15.

4

As in this case, the defenses asserted by the Defendants, especially the immunity defenses, are meritorious and Defendants request that this Court find that the first prong of excusable neglect has been met.

The second prong is prejudice to the Plaintiff. Though this case was filed in 2005, the Plaintiff has filed three interlocutory appeals to the Eleventh Circuit. Therefore, no scheduling order could be issued until May of 2007 and discovery is still proceeding in this case. Thus, Plaintiff cannot prove any prejudice due to accepting the Motion and Brief in Support of Summary Judgment out of time.

The third element of excusable neglect is a good reason for failing to meet the deadline. As set forth *supra.*, the undersigned believed that, based upon the information contained on her calendar, the deadline was in fact met.

In a similar case, defendants failed to timely file a summary judgment motion based upon exhaustion of administrative remedies. In allowing the summary judgment motion, the Court observed:

> In any event, the interest in enforcing summary-disposition filing deadlines must be balanced against the cost to the public (assembling citizens to sit on a jury; consumption of court resources) that results when courts, for the sake of enforcing a missed MSJ deadline against a slacker-lawyer, force on his client (here the people of Georgia) a trial that would otherwise be obviated by reaching a dispositive defense.

*Bush v. Smith* 2007 WL 1521596, *2 (S.D. Ga. 2007)

In this case, the Plaintiff has asked for a jury trial and defendants have asserted immunity. Defendants believe that their immunity defenses are viable

5

and that the defendants should not be subject to trial, nor should judicial resources be further extended through a jury trial. It is believed by the undersigned that it is only her failure to timely file a Motion for Summary Judgment that a trial might be necessary. Thus, the undersigned respectfully requests that this Court find that excusable neglect exists and that the Motion for Summary Judgment and Brief in Support thereof, be accepted and considered by this Court.

                                         Respectfully submitted,
                                         TROY KING
                                         ATTORNEY GENERAL

                                         /s/Alice Ann Byrne_____
                                         Alice Ann Byrne (BYR015)
                                         Attorney for Defendants

OF COUNSEL

State Personnel Department
Legal Division
64 North Union Street, Suite 316
Montgomery, AL  36130
Phone:  (334) 353-0046
Fax:  (334) 353-4481
AliceAnn.Byrne@personnel.alabama.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing document upon the following by placing the same in first class mail, postage prepaid, this the **31st** day of **December, 2007**.

**James E. Wilson, Jr.**
**732 Carter Hill Road**
**Montgomery, AL  36106**

            /s/Alice Ann Byrne_____
              OF COUNSEL