PLAINTIFF'S EXHIBIT 1

(9) PUBLIC RECORD. A record which the public shall have the right to inspect in a reasonable manner during ordinary business hours.

(10) STATE SERVICE. All offices and positions of trust or employment in the service of the Alabama state government, irrespective of whether the remuneration or compensation of such offices and positions of trust or employment is paid out of the state treasury or not. Such term shall not include offices and positions of trust or employment of the local governmental subdivisions, county or city boards of education, teachers and employees thereof or those exempted from this article.

(11) TEMPORARY APPOINTMENT. An appointment for a period not to exceed 104 work days.

(12) EMERGENCY APPOINTMENT. An appointment to serve in any position under emergency conditions for not more than 10 work days.

(13) EXCEPTIONAL APPOINTMENT. An appointment where extraordinary or unusual qualifications are required or where the peculiarities of the position are such as to make it inadvisable to attempt to fill it through open competitive examination.

(14) PROVISIONAL APPOINTMENT. An appointment made for a period of not more than 156 work days to fill a competitive position pending the establishment of an employment register for the classification. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 294.)

Cited in United States v. Feaster, 410 F.2d 1354 (5th Cir. 1969); Wyatt v. Bronner, 500 F. Supp. 817 (M.D. Ala. 1980); Childs v. Alabama Bd. of Pardons & Paroles, 456 So. 2d 814 (Ala. Civ. App. 1984).

## § 36-26-3. Purposes of article.

The purposes of this article are to assure to all citizens of demonstrated capacity, ability and training an equal opportunity to compete for service with the state of Alabama, to establish conditions in the state service which will attract officers and employees of character and capacity and to increase the efficiency of the governmental departments and agencies by the improvement of methods of personnel administration. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 293.)

Common-law certiorari only means of reviewing decision of personnel board. — Since the provisions governing the actions of the personnel board and the personnel department found in this chapter do not provide any right of appeal or statutory certiorari, the common-law writ is the only means of review. Phelps v. Public Serv. Comm'n, 46 Ala. App. 13, 237 So. 2d 499 (1970).

The public service commission has only a common-law writ of certiorari available in seeking to have a decision of the personnel board reviewed. Phelps v. Public Serv. Comm'n, 46 Ala. App. 13, 237 So. 2d 499 (1970).

Courts will issue certiorari to make limited review of quasi-judicial acts of administrative boards and officers. That limited power is to determine whether the acts in question were supported by any substantial evidence, or, otherwise stated, whether the findings and conclusions are contrary to the uncontradicted evidence or whether there was an improper application of the findings viewed in a legal sense. Phelps v. Public Serv. Comm'n, 46 Ala. App. 13, 237 So. 2d 499 (1970).

Function of court on certiorari is restricted to an examination into the external validity of the proceeding. Phelps v. Public