
PLAINTIFF'S
EXHIBIT
2

# RULES

## OF THE

## STATE PERSONNEL BOARD
## STATE OF ALABAMA



## STATE PERSONNEL DEPARTMENT

### Montgomery, Alabama

As of April 4, 1991

CHAPTER 670-X-3
DEFINITIONS

TABLE OF CONTENTS

670-X-3-.01  Definitions

670-X-3-.01  <u>Definitions</u>.  The words and phrases have the
following meanings when used in these rules unless other-
wise indicated in the context.  The masculine noun or pro-
noun as used in these rules includes the feminine also.

(a)  <u>General</u>.

1.  "Merit System Act" or "The Act" means Act No. 58 of
the Acts of 1939, approved by the Governor, March 2, 1939.
(Statutory Authority:  36-26-2, Code of Alabama 1975.)


2.  The term "Department" unless specifically stated
otherwise means the State Personnel Department, including
the Board and the Director.  (Statutory Authority:  32-26-8,
Code of Alabama 1975.)

3.  The "Board" means the State Personnel Board.

4.  The "Director" means State Personnel Director.

5.  The term "Appointing Authority" means the officer,
Board, commission, person, or group of persons having the
power to make appointments to offices of positions of
trust or employment in the State service.  (Statutory
Authority:  36-26-2, Code of Alabama 1975.)

(b)  <u>Kinds of Appointments</u>.

1.  "Regular Appointments" means selection by the
appointing authority from the names certified by the
Personnel Department of a person to occupy a permanent
position - subject to a working-test (probationary) period
of at least six months.  (Statutory Authority:  36-26-17,
Code of Alabama 1975.)

2.  "Temporary Appointment" means appointment of a
person from an appropriate eligible list, regardless of
standing on the list, to a job for not more than 104 work
days.  (Statutory Authority:  36-26-18, Code of Alabama 1975.)

3.  "Provisional Appointment" is the appointment of a
qualified person by an appointing authority (with approval
of the Director) to occupy a position without status
pending establishment of an appropriate eligible register.
(Statutory Authority:  36-26-18, Code of Alabama 1975.)

- 4 -

(c)  Registers.

1.  An "Eligible Register" is a list of names of persons who have successfully competed by examination arranged in order of their final rating.  (Statutory Authority:  36-26-2, Code of Alabama 1975.)

2.  A "Promotional Register" is a list of names of persons in a class who have met the requirements (competitively) for promotion to a higher class ranked in order of their final ratings.  (Statutory Authority:  36-26-17 and 36-26-23, Code of Alabama 1975.)

3.  A "Reemployment Register" is a list of names of persons who have been laid off, or who have resigned in good standing and requested within the time prescribed in these rules that they be so listed.  (Statutory Authority:  32-26-17 and 32-26-9, Code of Alabama 1975.)

(d)  Position Classification System.

1.  "Class" or "Class of Positions" means a definitely recognized kind of employment in the classified service designed to embrace all positions that are sufficiently alike, with re-spect to the character of duties, responsibilities, and con-sequent qualification requirements, as to be treated alike under like conditions for all personnel purposes.

2.  "Classification Plan" means an orderly arrangement of positions into separate and distinct classes so that each will contain those positions which involve similar duties and respon-sibilities as applied to positions designated in the Act as being in the "Classified Service."  (Statutory Authority: 36-26-11, Code of Alabama 1975.)

(e)  Pay Plan and Salary Increases.

1.  "Compensation Plan" or "Pay Plan" means a schedule of salaries officially adopted by the Board consisting of minimum, intermediate and maximum salary rates for each class of posi-tions, so that all positions within a class will be paid accord-ing to the same salary range.  (Statutory Authority:  36-26-12, Code of Alabama 1975.)

2.  "Performance Salary Advance" means the advance or in-crease of an employee's present salary rate to a higher rate within the range for the class of positions involved to recog-nize growth and manner of performance in the job, including the successful completion of probation.

3.  "Promotional Salary Advance" means the increase granted to an employee who is promoted from a position to another posi-tion of a class assigned to a higher salary range in recognition of the assumption of greater responsibility and more difficult and complex work.

- 5 -

4.  "Salary Adjustment" means any change in an employee's
salary rate other than a performance or promotional salary
advance; included may be (a) an adjustment to a different
rate in a higher salary range resulting from the reassignment
of the class to the higher range, (b) an adjustment to a
different rate in a higher salary range resulting from the
reallocation of the position to a class in the higher range
(when deemed not to involve a promotion), (c) an adjustment
to a lower rate as a result of voluntary demotion or disciplinary
action, and (d) an increase resulting from an across-the-
board increase in the rates of the salary schedule in recog-
nition of increases in prevailing rates in the labor market
and the cost of living.  (Statutory Authority:  36-26-9,
Code of Alabama 1975.)

5.  "Assignment," when used in salary administration, means
the designation of a class to be paid according to a particular
salary range by specifying the range number.  (Statutory
Authority:  36-26-9 and 36-26-12, Code of Alabama 1975.)

6.  "Reassignment," when used in salary administration,
means an officially adopted change in the range number desig-
nation for a class.  (Statutory Authority:  36-26-9 and 36-26-12,
Code of Alabama 1975.)

(f)  Employees.

1.  The "Classified Service" consists of all positions in
the state service not specifically exempt or placed in the
unclassified service by the Act.

2.  The "Unclassified Service" includes:  one confidential
assistant or secretary for each elected officer, and one for
each department head appointed by the Governor, and one such
confidential employee for each board and each commission,
and employees in the Governor's office who are not exempt.

3.  The "Exempt Service" includes:  (1) officers elected
by vote of the people; (2) officers and employees of the
Legislature; (3) officers, attendants, and employees of the
circuit courts, clerks of county jury boards, and deputy
circuit solicitors; (4) members of boards and commissions,
whether appointed or self-perpetuating, and heads of depart-
ments required by law to be appointed by the Governor or by
boards or commissions with the Governor's approval; (5) all
officers and employees of the State's institutions of higher
learning, teacher training institutions and normal schools;
(6) all officers and employees of all educational, eleemo-
synary and correctional* institutions which are governed and

*Exemption does not apply to employees placed in the classi-
fied service in accordance with laws governing the Department
of Mental Health and the Department of Youth Services and
Board of Corrections.

controlled by Boards of Trustees or similar governing bodies,
the secondary agricultural schools and vocational schools;
(7) all inmate help in all charitable, penal and correctional
institutions; (8) all commissioned and warrant officers and
enlisted men of the National Guard and Naval Militia of the
State, in their respective military and naval grades; (9) the
Governor's private secretary, and those employees of the
Governor's office paid exclusively out of the Governor's
emergency or contingent funds; (10) the employees of the
State Docks Department engaged in railroad service and sub-
ject to the provisions of an Act of Congress known as the
Railway Labor Act, as amended or as it may hereafter be
amended.  The services listed as exempt shall in no respect
be subject to the provisions of the Act or Rules, anything
to the contrary nonwithstanding.

    4.  "Employee" means a person legally occupying a position.

    5.  "Permanent Employee" means an employee who has satis-
factorily completed a working test period of at least six
months, and whose permanent appointment has been recommended
by the appointing authority.

    6.  "Permanent Position" means any position in the classi-
fied service which has required or is likely to require the
services of an employee without interruption for a period of
more than 104 work days.  (Statutory Authority:  36-26-2, 36-26-9
and 36-26-10, Code of Alabama 1975.)

    (g)  Kinds of Examinations.

    1.  "Assembled Examination" is a test where applicants are
required to assemble in one or more specified places at a
scheduled time for the purpose of taking the test (usually a
written test).

    2.  "Unassembled Examination" is an examination and rating
of the applicant's training and experience on the basis of the
application he submits and any other required supplementary
documents.

    3.  "Performance Test" is a test where an applicant is
required to demonstrate skill in the operation of machinery
or equipment used on the job.  (Statutory Authority:  36-26-9
and 36-26-15, Code of Alabama 1975.)

    4.  "Oral Examination" is an appearance by the applicant
before a board consisting of two or more members who evaluate
personal characteristics related to the job.  (Statutory
Authority:  36-26-15, Code of Alabama 1975.)

meeting.  The minutes or a true copy thereof, certified by a
majority of the Board, shall be open to public inspection.
(Statutory Authority:  36-26-8 and 36-26-9, Code of Alabama
1975.)

670-X-5-.07  Appeals to the Board.

(1)  Any officer, employee or citizen who feels that the
Rules are working or are apt to work an unnecessary hardship
upon him, or that the efficiency of the State service can be
improved by amendment of the Rules may appear before the Board
at any of its regular meetings and shall have the right to a
complete hearing upon the matter provided that a request for
a hearing on such a matter must be filed in writing with the
Director at least five days prior to the Board meeting.  At
least six signed copies of such requests must be filed, where-
upon it shall be the duty of the Director immediately to trans-
mit a copy of the request to each Board member and to the
Governor.

(2)  The Board shall, if demand is made in writing by an
employee within ten days after notice of discharge, order a
public hearing.  The hearing shall be before a special agent
(hereinafter called Hearing Officer) appointed for the pur-
pose by the Director.  The Hearing Officer shall first order
a pre-hearing conference to crystallize issues, exchange
witness lists and documents, and set the date for hearing.
The hearing shall be recorded either by the mechanized means
or by a qualified shorthand reporter.  At the hearing, the
Hearing Officer shall take testimony offered in support and
denial of the reasons for dismissal and from the same submit
to the Board a finding of facts and law involved and a recom-
mended decision in the form of a proposed order.  (Statutory
Authority:  36-26-6, 36-26-9, and 36-26-27, Code of Alabama
1975.)

(3)  The proposed order shall be furnished to each party.
If either party feels he is adversely affected by the proposed
order, he may file with the Director exceptions to the proposed
order within 5 days of his receipt thereof.  Such exceptions
may include a request for presentation of briefs and oral argu-
ments before the Board.  The exceptions shall be made a part of
the report to be considered by the Board.  Briefs shall be
limited to no more than 10 pages, 8½ x 11, double spaced, and
shall be delivered to the Director no later than the day pre-
ceding the next Board meeting.  Oral argument shall be limited
to ten minutes for each side.  Should the Board, in its sole
discretion, decide to hear the appeal itself, or to read the
transcript of the Hearing Officer proceedings, then the pro-
vision of this paragraph would not be applicable.  The parties
by written stipulation may waive compliance with this para-
graph.

- 11 -

(4)  The Board at its next regular or special meeting shall consider said report and modify, alter, set aside or affirm said report, and if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the Board may determine.

(5)  In the event funds are not available to retain Hearing Officers and/or court reports for appeals under the foregoing provisions, the Director shall have the authority to assign any or all appeals for hearing before the Board, which shall follow the hearing procedure authorized in Rule 670-X-5-.08 below where applicable.  (Statutory Authority:  36-26-6 and 36-26-9, Code of Alabama 1975.)

(6)  An employee in the classified service may also be removed or awarded lesser discipline on the basis of charges filed by any officer, citizen or taxpayer of the State.  Within five days of receiving such charges the Director shall have a copy served on the employee concerned and shall set a public hearing on the charges not less than ten nor more than twenty days after they are served on the employee.  The hearing may be before the Director, a special agent designated by the Director, or the Board itself.  If the Director or a special agent hears the matter, he shall, after taking testimony, report to the Board within five days a finding of facts and law and a recommended decision.  At its next regular or special meeting the Board shall consider this report, which it may modify, alter, set aside or affirm.  The Board shall then certify its decision to the appointing authority who shall forthwith put it into effect.  If the Board hears such charges directly or reviews the record of testimony taken before another, it shall make up and file its own findings and decision.  (Statutory Authority:  36-26-27, Code of Alabama 1975.)

670-X-5-.08  Hearing Procedure.

(1)  Conduct of Hearings.  Hearings on employee appeals from dismissal and on charges brought against employees shall be open to the public and shall be informal.  The employee, the appointing authority, and all others concerned shall be given reasonable notice of the time and place of hearing.  The parties shall have the right to have subpoenas issued, present witnesses and give testimony.  A hearing before a Hearing Officer is intended solely for the purpose of receiving evidence either to refute or to substantiate specific charges.  It shall not be made an occasion for irresponsible accusations, attacks upon the character or conduct of the employer or employee or others, or other derogatory matters having no bearing on the charges under investigation.  Any request by a party for a board member or a hearing officer as designated by the Board to recuse themselves shall be made in writing with the Director not later than five work days prior to the date upon which the hearing is scheduled. The written request must cite reasons and the legal basis for the recusal.  (See Rules 670-X-18-.02 and 670-X-18-.03 for dismissal and suspension procedure.)  (Statutory Authority:  36-26-6 and 36-26-7, Code of Alabama 1975.)

- 12 -

(2)  <u>Witnesses</u>.  The Hearing Officer shall examine the list of proposed witnesses submitted by each of the parties and shall determine the justification for the calling of each witness.  Any witness whose testimony is not material, is not relevant or is cumulative of other testimony shall not be required to testify. The Hearing Officer shall examine any objection filed by or on behalf of any witness claiming that the testimony of that witness is not material, is not relevant, is cumulative or if the witness claims a total lack of knowledge of the matter in question.  The Hearing Officer shall make a determination of the relevancy, materiality, cumulative nature or lack of knowledge on the part of the witness prior to the commencement of the hearing.  The determination to allow or disallow the testimony of a witness shall be based upon an offer of proof by the party offering the testimony of the witness.

(3)  <u>Pre-Hearing Conference</u>.  The Director shall designate a person to conduct a pre-hearing conference.  The person so desig-nated shall have the authority to require the parties to act in furtherance of the hearing process; to include but not limited to:

(a)  Setting of an appropriate schedule for the conduct of the hearing;

(b)  The crystallization of issues to be presented at the hearing;

(c)  The production of documents;

(d)  The attendance of witnesses;

(e)  The specification of issues and charges;

(f)  To issue a pre-hearing conference order which shall be binding on all the parties and shall be amended only upon a showing of good cause;

(g)  A Hearing Officer may review pre-hearing issues ruled upon at the pre-hearing conference;

(h)  Such other authority as may be necessary for the conduct of the hearing.

(4)  <u>Sanctions</u>.  Sanctions shall be defined as used in the Alabama Rules of Civil Procedure.  The Hearing Officer may recom-mend to the Board that sanctions be imposed against a party who has:

(a)  Failed to comply with the pre-hearing conference order;

(b)  Failed to appear;

(c)  Failed to prosecute his case;

(d)  Failed to comply with orders issued by the Hearing Officer;

(e)  Acted in bad faith.

- 13 -

(5)  <u>Testimony and Evidence</u>.  In taking testimony and in considering the evidence, the Hearing Officer shall follow accepted legal procedure insofar as is practicable, but shall not be bound by the technical rules of evidence observed in courts of law.  The Hearing Officer may listen to hearsay testimony and may accept depositions and affidavits if such testimony is material and relevant to the issues.  The Hearing Officer may also accept the results of lie-detector tests, if such results are material and relevant to the issues.

(6)  <u>Counsel or Representation</u>.  Parties to a hearing before a Hearing Officer may be representatives of their own choosing.  In the event they do not choose such counsel or representatives, they may themselves request the issuances of subpoenas, examine and cross-examine witnesses, make statements, summarize testimony, and otherwise conduct their own hearing.  (Statutory Authority:  36-26-6 and 36-26-9, Code of Alabama 1975.)

(7)  <u>Procedure</u>.  A hearing before a Hearing Officer shall be conducted in accordance with the following order:

(a)  Reading of the dismissal action or other charges against the employee and of other pertinent information from the employee's record.  The record shall be available to all parties for reference in connection with the hearing.

(b)  Presentation of charges against the employee, including testimony of witnesses and other evidence.  The employee or his counsel and the Hearing Officer may examine the witnesses.

(c)  Presentation of the employee's answer to the charges, including testimony of his witnesses.  The parties and the Hearing Officer may also examine these witnesses.  (Statutory Authority:  36-26-6, 36-26-9, and 36-26-27, Code of Alabama 1975.)

(d)  Summation by the parties, if desired by them.

(8)  <u>Findings and Decisions</u>.  On the basis of testimony and evidence and oral arguments and briefs, if any, the Hearing Officer may recommend that the dismissal of an employee be sustained or may recommend his reinstatement with or without loss of pay.  Where an employee is found guilty of charges brought against him by an officer, citizen, or taxpayer, and such charges warrant disciplinary action, the Board may order the dismissal of the employee or may order lesser penalties. (Statutory Authority:  36-26-6 and 36-26-27, Code of Alabama 1975.)

CHAPTER 670-X-6
RESPONSIBILITIES OF THE STATE PERSONNEL DIRECTOR

TABLE OF CONTENTS

670-X-6-.01    Departmental Administration
670-X-6-.02    As Secretary to the State Personnel Board
670-X-6-.03    General Administration
670-X-6-.04    Maintenance of Positions Classification Structure
               and Pay Plan
670-X-6-.05    Administration of Personnel Selection Procedures
670-X-6-.06    Training
670-X-6-.07    Legislative Liaison

670-X-6-.01    Departmental Administration.

(1)   As executive head of the Department, to direct and
supervise all its administrative and technical activities.

(2)   To appoint all employees of the Personnel Department
except the Director and the members of the Board, and to di-
rect and control their work.

(3)   To direct and control, under the customary financial
procedures of the State, the expenditures for the Department.

(4)   To designate an employee of the Department to act as
his deputy, upon whom the powers and duties of the Director
shall devolve in the absence of the Director or his inability
from any cause to discharge the powers and duties of his office.
(Statutory Authority:   36-26-8, Code of Alabama 1975.)

670-X-6-.02    As Secretary to the State Personnel Board.

(1)   To serve as secretary to the Board to see to the keep-
ing of the minutes and records thereof, and in all other proper
ways to facilitate the actions and proceedings of the Board.

(2)   To prepare and recommend to the Board the rules pre-
scribed in Section 36-26-9 of the Alabama Code of 1975, and
any changes deemed desirable from time to time in such rules.

(3)   To make such investigations as he may deem desirable
with respect to the enforcement and effect of the Act and of
these rules, and such special investigations as the Board may
request and make special reports relative thereto.   (Statutory
Authority:   36-26-8, Code of Alabama 1975.)

670-X-6-.03  <u>General Administration</u>.

(1)  To establish and maintain a roster of all State
employees showing as to each employee the class title of the
position held, the salary or pay, any change in class title,
pay or status, and any other necessary data.

(2)  To make such administrative regulations as he may
deem necessary not inconsistent with the Act and these rules,
relative to matters involved in the administration of the
personnel provisions of the Code.

(3)  To administer and enforce the provisions of the Act
and of these rules, subject to these rules and to appeal and
review by the Board.  (Statutory Authority:  36-26-8, Code of
Alabama 1975.)

670-X-6-.04  Maintenance of Position Classification Structure
and Pay Plan.

(1)  To allocate each classified position to its appropri-
ate job class in the classification structure, and to reallo-
cate positions as conditions warrant, from job class to job
class.

(2)  To devise and recommend to the Board a compensation
plan consisting of scales of pay for the several classes in
due relation to each other and to rates prevailing for like
employment in private industry, rules for the interpretation
and application of the plan, and changes in such plan and
rules from time to time as deemed desirable.  (Statutory
Authority:  36-26-8, Code of Alabama 1975.)

670-X-6-.05  Administration of Personnel Selection Procedures.

(1)  To hold examinations, pass upon the qualifications of
applicants, and to establish registers as needed, and to
certify names of eligibles to appointing authorities for
filling vacancies in the classified service.

(2)  To retain, for purposes of assisting in the examina-
tion of candidates for positions of higher responsibility and
positions requiring unusual  qualities or qualifications, the
services of persons, without regard to their residence, who
because of their experience or for other reasons have special
acquaintance with the qualities or qualifications requisite
for the positions under examination.  (Statutority Authority:
36-26-8, Code of Alabama 1975.)

670-X-6-.06  Training.  To cooperate with appointing officers
and others in providing programs of training for employees,
for employee welfare, for promoting employee morale, and for
otherwise raising of standards of performance in the service
in every practicable way.  (Statutory Authority:  36-26-8,
and 36-26-20, Code of Alabama 1975.)

- 16 -

670-X-6-.07  Legislative Liaison.  To provide the Governor,
the Legislature and the Board with estimates of the costs
of any salary and benefit improvements that are under considera-
tion.  (Statutory Authority:  36-26-8, Code of Alabama 1975.)

CHAPTER 670-X-7
POSITION CLASSIFICATION PLAN


TABLE OF CONTENTS

670-X-7-.01   Maintenance
670-X-7-.02   Revision of the Plan
670-X-7-.03   Uses of the Classification Plan
670-X-7-.04   Allocation of Positions to Classes
670-X-7-.05   Allocation of New Positions
670-X-7-.06   Reallocations

670-X-7-.01   <u>Maintenance</u>.

(1)   The Director shall administer and maintain the classi-
fication plan in accordance with the State merit system law,
such approvals required by the Board or the Governor, and these
Rules.

(2)   The classification plan shall be maintained on a cur-
rent basis by the timely establishment and abolition of classes,
the allocation and reallocation of positions, and the periodic
review of all positions and classes within the plan shall be
accomplished every five years, either by instituting a program
to ensure that approximately 20% of covered positions are
reviewed each year; or causing a statewide review of all posi-
tions and classes at least once every five years.  (Statutory
Authority:  36-26-11, Code of Alabama 1975.)

670-X-7-.02   <u>Revision of the Plan</u>.  Existing classes or posi-
tions may be abolished or changed or new classes added on rec-
ommendation of the Director and favorable vote of the Board in
a regular meeting.  (Statutory Authority:  36-26-11, Code of
Alabama 1975.)

670-X-07-.03   <u>Uses of the Classification Plan</u>.  All provisions
of the plan shall be observed in the handling of personnel
activities and transactions.  The titles assigned to positions
by their allocation to the classes established by the classifi-
cation plan shall be used in all personnel, accounting, and
financial records, and communications of all State departments.
Titles used in the course of departmental routine to indicate
authority, status in the organization, or administrative rank
may be continued in use for these purposes.  (Statutory
Authority:  36-26-11, Code of Alabama 1975.)

670-X-7-.04   <u>Allocation of Positions to Classes</u>.

(a)   Every position in the State service shall be allocated
to one of the classes established by the classification plan.
Those positions which are substantially similar with respect to

- 18 -

difficulty, responsibility, and character of work, require
generally the same kind and amount of training and experience
for proper performance, and merit approximately equal pay shall
be allocated to the same class.  The class specifications for
the several classes in the service shall be considered in allo-
cating positions to classes and shall be interpreted as follows:

1.  Class specifications are descriptive only and are not
restrictive.  The use of a particular expression of duties,
qualifications, requirements, or other attributes shall not be
held to exclude others not mentioned if such others are simi-
lar as to kind or quality.

2.  In determining the class to which any position shall
be allocated, the specifications for each class shall be con-
sidered as a whole.  Consideration is to be given to the gen-
eral duties, specific tasks, responsibilities required, quali-
fications and relationships to other classes as affording
together a picture of the positions that the class is intended
to include.

3.  Class specifications shall be construed as a general
description of the kinds of work characteristic of positions
properly to be allocated to that class and not as prescribing
what the duties of any position shall be, nor as limiting
the expressed or implied power of the authority now or here-
after vested with the right to prescribe or alter the duties
of any position.

4.  The fact that the actual tasks performed by the incum-
bent of a position do not appear in the specification for the
class to which the position has been allocated shall not be
taken to mean that the position is necessarily excluded from
the class.  Nor shall any one example of a typical task taken
without relation to the parts of the specification be construed
as determining that a position should be allocated to the class.

5.  The statement of minimum qualifications expresses the
minimum background in terms of education and experience which
would be required of any new appointee to a position in the
class as evidence of his ability to perform the work properly,
and is to be so construed and not as imposing in itself any
new or additional requirements upon incumbents of positions.
Although they may not be expressed, such qualifications as
should properly be required of incumbents of all or any posi-
tions, such as good physical condition, freedom from disabling
defects, citizenship, suitable age, honesty, sobriety and
industry, are taken for granted.  (Statutory Authority:
36-26-11, Code of Alabama 1975.)

670-X-7-.05  Allocation of New Positions.  When new positions
are created in any department, complete job descriptions shall
be furnished the Director by the department, and he shall study

- 19 -

the duties and responsibilities of the new position and deter-
mine the proper classification.  If any appropriate classifi-
cation does not already exist he shall prepare a new class
specification and submit it to the Board for approval at its
next regular meeting.  (Statutory Authority:  36-26-11, Code
of Alabama 1975.)

670-X-7-.06   Reallocations.

(1)  An appointing authority shall report to the Director
the addition of new assignments or the taking away of old ones.
The Director shall investigate such changes in order to pro-
vide a basis for determining the effect on the classification
of the position.

(2)  The Director shall, on his own initiative, make periodic
investigations of any and all positions in order to determine
changes in duties and responsibilities of positions as a basis
for keeping the classification plan up to date.

(3)  An employee may at any time make a request in writing
to the Director for a review of the description of his position.
The request shall set forth the employee's reasons for the
review and must be substantiated by his supervisor and the
department head.  If such reasons appear to be substantial,
the Director shall make an investigation of the position with
a view to determining the correctness or incorrectness of the
allocation and the adjustment necessary.

(4)  When it is found by any of the methods outlined above
that a position is not in the most appropriate class, the
Director shall reallocate it to the most appropriate class.

(5)  A position that is reallocated to a higher class should
normally be filled by certification and appointment from the
open competitive or promotional eligible register for the new
class.  However, if the incumbent has been performing the
duties that are the basis for reallocation for three months
or more in a completely satisfactory manner at the time the
position is reallocated to a higher class, he may be given
status in the new class, if his name is among the upper one-
half of those on the competitive eligible list or promotional
list, as of the date of its establishment; or when he passes
an examination for the class with a similar rating.  Provided,
however, that if the incumbent has been performing the duties
that are the basis for reallocation for five years or more in
a completely satisfactory manner at the time the position is
reallocated to a higher class, he will be given status in the
new class if his name appears on the competitive or promo-
tional eligible list, as of the date of its establishment; or
when he passes an examination for the class with a similar
rating.

- 20 -

(6)  If a position is reallocated to a lower class in a
series, the incumbent may be given regular status in the new
class; but may remain eligible for three years to go into a
position in the higher class.

(7)  If a position is reallocated to a class in another
series (as from clerical to stenographic) the incumbent shall
be required to pass an examination qualifying for that part
of the work not covered by the previous examination.

(8)  If the incumbent does not appear qualified for the
new class to which the position is being reallocated, or if
he fails to qualify on examination, he may be transferred to
a position in the class for which he has previously qualified
or be laid off if there is no position to which he may be
transferred, and the position filled by a qualified person.
(Statutory Authority:  36-26-11, Code of Alabama 1975.)

670-X-8-.09    Salary Reduction Within Range.  An appointing authority may reduce the salary of any employee to a lower rate in the range for the position with approval of the Board.  In such cases, at least 10 days before the recommended action is to take place, the appointing authority shall notify the employee and submit the recommendation in writing with the reasons therefor to the Director. When such action is approved, the anniversary date of the employee shall be changed to the effective date of the salary reduction.

670-X-8-.10    Limitations on Available Funds.  Notwithstanding the provisions of this rule, no salary action shall be taken unless authorized funds therefor are available.  In the event that any salary action provided for in this rule cannot be taken because of unavailability of funds, the appointing authority shall so advise the Director in writing, and the actions shall be held in abeyance only until sufficient funds become available.

Prior to payment of any salary, wage or other compensation for personal service, the Director shall certify that each person named on the payroll, estimate, voucher, or account is an employee of the State, has been appointed or employed in pursuance to law and these Rules, and is legally entitled to receive the sum stated therein.

670-X-8-.11    Prohibition of Raise.  No employee shall be entitled to an increase in salary upon a transfer.

Amended 5/23/85
Effective 6/27/85

- 25 -

CHAPTER 670-X-9
PERSONNEL SELECTION PROCEDURES

(REVISED:  5/6/85)

TABLE OF CONTENTS

670-X-9-.01  Applications and Examinations
670-X-9-.02  Registers
670-X-9-.03  Certifications and Appointments
670-X-9-.04  Selection from Within


670-X-9-.01  Applications and Examinations.

   (1)  Notice of Examinations.  Examinations for entrance to
the classified service shall be conducted on an open-competitive
basis.  When unassembled examinations are to be given, this fact
shall be determined by the Director after consultation with the
appointing authorities concerned.  The Director shall give pub-
lic notice of all entrance examinations at least two weeks in
advance of the closing date for receiving applications and
shall make every reasonable effort to attract qualified persons
to compete in the examinations.  Notice of examinations may be
posted in important centers throughout the State; and copies
may be sent public officials, newspapers, educational institu-
tions, professional and vocational societies, and such other
individuals and organizations as the Director may deem expe-
dient.  The public notice of examination shall specify the
title and salary range of the class of positions, typical duties
to be performed, the minimum qualifications required, the final
date on which applications will be received, the relative weights
to be given to different parts of the examination, and all other
pertinent information and requirements consistent with the pro-
visions of these Rules.

   (2)  Filing Application.  All applications shall be made on
forms prescribed by the Department and must be filed with the
State Personnel Department prior to the closing date specified
in the announcement or soon enough thereafter to allow time
for review and scheduling of any tests involved.  Such appli-
cation may require information covering personal character-
istics, education, experience, references, and other pertinent
information.  All applications shall be signed and the truth
of the statements contained therein certified by such signa-
tures.  Applicants must meet the minimum qualifications speci-
fied in announcements as to education and experience, but in
no case shall admittance to the examination constitute assur-
ance of a passing grade in education and experience.

   (3)  Disqualification of Applicants.  The Director may
refuse to examine an applicant, or after examination disqualify
such applicant, or remove his name from the register, or refuse
to certify any eligible on a register (1) who is found to lack
any of the preliminary requirements established for examina-

tion for the class of positions; (2) who is so physically disabled as to be rendered unfit for the performance of the duties of the class of positions; (3) who is addicted to the habitual excessive use of intoxicating liquors or drugs; (4) who has been convicted of a crime involving moral turpitude, or guilty of notoriously disgraceful conduct; (5) who has intentionally made false statement of material fact in his application; (6) who has previously been dismissed from the State service for delinquency; (7) who has used or attempted to use political pressure or bribery to secure an advantage in the examination or appointment; (8) who has directly or indirectly obtained information regarding examinations to which as an applicant he is not entitled; (9) who has failed to submit his application correctly or within the prescribed time limits; (10) who has a reputation for deliberately failing to pay just debts; (11) or who has otherwise violated provisions of the Act or these Rules.  A disqualified applicant shall be given written notice of such action.

(4)  Character of Examinations.  Examinations shall be practical in nature, constructed to reveal the capacity of the candidate for the particular class of positions for which he is competing and his general background and related knowledge, and shall be rated impartially.

(5)  Conduct of Examinations.  Examinations shall be conducted in as many places in the State as are found convenient for applicants and practicable for administration.

(a)  The Director may designate monitors in various parts of the State to take charge locally of examinations under instructions prescribed by him, provide for the compensation of such monitors, and make arrangements for the use of public buildings in which to conduct the examinations.

Amended 5/23/85
Effective 6/27/85

(6)  Rating Examinations.  In any examination the minimum rating or standing through which eligibility on a register may be earned shall be determined by the Director.  Such final rating shall be based upon a weighted average of the various parts of the total examination.  All applications for the same class of positions shall be accorded uniform and equal treatment in all phases of the examination procedure.  Failure in one phase of an examination may be grounds for the Director to declare the applicant as failing the entire examination, or to disqualify him for subsequent parts of the examination.

- 27 -

(7)  <u>Rating Education and Experience</u>.  When the rating of education and experience forms a part of the total examination, the Director shall determine a procedure for the evaluation of the education and experience qualifications of the various candidates.  The formula used in appraisal shall give due regard to recency and quality, as well as quantity, of experience and the pertinency of the education.  This procedure may allow for the substitution of education for experience and of experience for education.  Before rating education and experience or prior to certification from the register, the Director may investigate the candidate's work history and educational record for the purpose of verifying the statements contained in his application form.  If the results of this investigation bring out information affecting the rating of education and experience, the Director may rate the candidate accordingly or make the necessary revision of the rating and so notify the candidate or may remove his name from the register.

(8)  <u>Oral Examinations</u>.  When an oral examination forms a part of the total examination for a position, the Director shall appoint one or more oral examination boards as needed. An oral examination board shall consist of two or more members who shall be known to be interested in the improvement of public administration and in the selection of efficient government personnel, of whom one shall be technically familiar with the character of work in the position for which the applicants will be examined.  No person who is an officer or committee member of, or actively engaged in the work of a political party organization shall serve as a member of such board.  Whenever practicable, all candidates for the same class of positions who qualify for the oral examination shall be rated by the same oral examination board.  A member of an oral examination board shall disclose each instance in which he knows the applicant personally and may refrain from rating such applicant.

(9)  <u>Preference Given to Veterans, Wives of Veterans and Widows of Veterans</u>.  All persons honorably discharged from the Army, Navy, Marine Corps, Air Force or Coast Guard, after serving in the armed forces of the United States, shall have 5 points added to any earned rating they achieve in an examination for entrance to the classified service.  Persons who have established veteran's status as defined above and who, in addition, establish by official records of the United States the present existence of a service connected disability and because of disability are entitled to pension compensation or disability allowance under existing laws, and widows of such persons and qualified wives of such persons who are themselves not qualified because of service connected disability shall have 10 points added to any earned rating they achieve in an examination for entrance to the classified service.

- 28 -

(10)  <u>Notice of Examination Results</u>.  Each competitor shall be notified by mail of his final rating as soon as the rating of the examination has been completed and the register established. Eligibles shall be entitled to information concerning their relative position on the register, upon request and presentation of proper identification, but registers shall not be open to public inspection.

(11)  <u>Adjustment of Errors</u>.  A manifest error in the marking of an examination, if called to the attention of the Director within thirty days after receipt by the applicant of the notice of examination results, shall be corrected by the Director, provided, however, that such correction shall not invalidate any certification and appointment previously made.  (Statutory Authority:  36-26-15, Code of Alabama 1975.)

670-X-9-.02  <u>Registers</u>.

(1)  <u>Employment Register</u>.  After each examination, the Director shall prepare an employment register of names of persons with passing grades.  The names of such persons shall be placed on the register in the order of their final ratings, starting with the highest.  Whenever two or more applicants have final ratings which are identical they shall be given the same standing on the register.  (Statutory Authority: 36-26-15, Code of Alabama 1975.)

(2)  <u>Promotion Register</u>.  The Director shall hold competitive promotional examinations which shall be open only to persons in the classified service who have held for six months or more positions which are determined by the Director to be within the lines of promotion to the class of positions for which the examination is held.  Service ratings shall be a factor in promotional examinations.  After each promotional examination the Director shall prepare and keep available a promotion list of persons whose final rating in the examination is not less than the passing grade established by the Director, arranged in order of ratings received.  Whenever it is necessary to hold a subsequent examination in order to obtain additional eligibles for a promotion list, the Director may combine the existing list with the new list for the same class by arranging all the eligibles in the order of ratings received, without regard to the time of examination.  When the work in a department is of a peculiar nature or for any other reason it can be established that it is practicable to do so, a promotion list may be confined to employees of a particular department at the discretion of the Director. (Statutory Authority:  36-26-23, Code of Alabama 1975.)

(3)  Reemployment Register.

(a)  In Case of Resignation.  Any person who has held a permanent appointment in the classified service from which he has resigned in good standing shall be entitled to have his name placed on a reemployment list for certification to vacancies in the classified service, providing he so requests in writing.  The name of each such person shall be placed on the reemployment list considered most appropriate by the Director. Each name placed on a reemployment list shall remain thereon for a period not longer than two years from the effective date of resignation.  Provided, however, that the Director may extend this period one year at a time for not more than two additional years upon the presentation in writing of satisfactory evidence that the former employee has, through appropriate training or experience, maintained his qualifications for the work involved. Before approving such an extension, the Director may make any investigation or order such qualifying test as may appear desirable, including physical examination.  (amendment adopted February 13, 1991, effective April 4, 1991; Author:  Halycon Vance Ballard.)

(b)  In Case of Layoff.  Names of all persons laid off shall be placed on a reemployment register in accordance with the Rules found in Rule 670-X-18-.01.  Any person appointed from a reemployment register shall be required to serve a probationary period of not more than three months on the job before being restored to permanent status.  This requirement will not apply in the case of reemployment of an employee in a department where he has been laid off.

(4)  Duration of an Employment Register.  The life of the employment register shall normally be one year from the date of its establishment, but this period may be reduced or extended by the Director.  When an employment register expires, it expires in its entirety, and no name shall be transferred to another register.  This rule shall not be construed as prohibiting the holding of continuously open examinations where the needs of the service and the availability of qualified applicants indicates the need for such examinations.  In such cases, names of applicants shall be placed on registers as they are examined in the order determined by their grades, without regard to the time of examination.  The Director shall be responsible for determining the adequacy of present registers and for the establishment and maintenance of appropriate registers for all classes of positions in the classified service.

- 30 -

may remove the name of an eligible from the register for any of the causes stipulated in Rule 670-X-9-.01, Paragraph 3, or he may remove a name if the eligible cannot be located by postal authorities if:

(a)  The eligible indicates in writing that he no longer desires to be considered for State employment.

(b)  He declines three offers of positions in the class for which the register was established.

(c)  He has been certified for appointment three times to different appointing authorities or three times to the same appointing authority where the classification is peculiar to less than three departments, and has not been appointed.

The person affected shall be notified of this action and the reasons therefore, unless his whereabouts are unknown.  The name of an eligible may be restored to a register only if satisfactory explanation of the circumstances leading to its removal can be made to the Director.  Failure of any eligible to notify the Personnel Department of a change of address shall be regarded as just cause for removal of his name from the register until such time as the change of address has been duly filed.  The Director may remove the name of an eligible from a register if the eligible fails to reply within 48 hours after receipt of a certified mail letter inquiring as to his availability for immediate appointment.  After an eligible is appointed to any permanent position in the State service, his name may be removed from registers for all positions for which the maximum salary is the same or less than that of the class of position to which he has been appointed.  The name of an employee who is dismissed, or whose separation from the service otherwise fails to constitute a separation in good standing, shall be removed by the Director from all eligible registers for classes that occur exclusively in the department terminating his employment.  He may also be removed from registers for comparable or higher classes affecting other departments.  Before such action is made final, the Director shall notify such employee and offer him a reasonable opportunity to answer any charges made against him and to justify his retention on any or all lists where his name appears.  (Statutory Authority:  36-26-9, 36-26-15, and 36-26-17, Code of Alabama 1975.)

670-X-9-.03   Certifications and Appointments.

(1)  Types of Appointments.  All vacancies in the classified service shall be filed by transfer, promotion, demotion, original appointment, reemployment, temporary appointment, emergency appointment, exceptional appointment, provisional appointment, or conditional appointment as provided in the Act.  (Statutory Authority:  36-26-18, Code of Alabama 1975; amendment adopted February 13, 1991, effective April 4, 1991; Author:  Halycon Vance Ballard.)

- 31 -

(2)  Appointments from Eligible Lists.

(a)  Request for Certification.  Whenever a vacancy in a
position in the classified service is to be filled other than
by transfer, demotion, or extraordinary appointment, the
appointing authority shall make written request for
certification of names on a form prescribed by the Director.
This form shall contain a statement of the class title of the
position, together with such other pertinent information as
may be required by the Director.  The appointing authority
shall make such request a reasonable time in advance of the
date the new employee is to begin work.  (Statutory
Authority:  36-26-17, Code of Alabama 1975; amendment adopted
February 13, 1991, effective April 4, 1991;
Author:  Halycon Vance Ballard.)

(b)  Certification of Eligibles.  When a request for
certification of eligibles is received by the Director, he
shall certify the highest ten eligibles on the most
appropriate employment register plus the names of all those
whose grades are tied with the tenth highest eligible, and if
more than one vacancy is to be filled the name of one
additional eligible for each additional vacancy.  At the
request of the appointing authority, preference in
certification may be given to eligibles who have been legal
residents of the State of Alabama for at least twelve months
prior to the date the register was established.  If it should
prove impossible to locate any of the persons so certified,
or if it should become known to the Director that any person
is not willing to accept the position, the appointing
authority may request that additional names be certified
until the correct number of persons eligible and available
for appointment has been certified.  The appointing authority
shall select one from those certified to fill the vacancy.
"An appointing officer who passes over a veteran eligible and
selects a non-veteran with the same or lower rating shall
file with the Director the reasons for so doing."  (Statutory
Authority:  36-26-15, Code of Alabama 1975.)

(3)  Extraordinary Appointments.

(a)  Temporary Appointments.  When the service to be
rendered by an appointee is for a temporary period not to
exceed 104 work days, and the need of such service is
important and urgent, the Director may select for such
temporary service any person on the proper eligible register
without regard to his standing on such register.  Successive
temporary appointments to the same position or of the same
person shall not be made under this provision.  Acceptance or
refusal by an eligible of such temporary appointment shall
not affect his standing on the register, nor shall a period
of temporary service be counted as part of the probationary
service in case of subsequent appointment to a permanent
position, nor shall it confer upon him any privilege or right
or promotion, transfer, or reinstatement to any position in
the classified service.

- 32 -

(b)  Emergency Appointments.  When an emergency arises such that, in order to prevent loss of public property or serious inconvenience to the public, one or more persons must be immediately employed without taking time to secure certification from the Director of the names of eligible persons, an appointing authority or subordinate officer or employee designated by him may appoint any qualified person during the period of the emergency but not for a period exceeding ten days.  No vacancy in a permanent position caused by a resignation of which the appointing authority has had reasonable notice shall be considered an emergency.  The appointing authority or his authorized agent shall as soon as possible report to the Director any emergency appointment giving name of appointee, rate of pay, probable length of employment, nature of emergency, and nature of duties performed.  Separation from service of an emergency appointee shall likewise be reported.  No emergency appointment may be renewed.  The Director shall have the right to make such investigation as he deems necessary to determine whether an emergency actually exists.

(c)  Exceptional Appointments.  Whenever there is a vacancy in a position in the classified service where peculiar and exceptional qualifications of a scientific, professional, or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can best be filled by the selection of some designated person of high and recognized attainments in such qualities, the Personnel Board upon recommendation of the Personnel Director may suspend the examination requirements in such case, but no suspension shall be general in its application to such place or position, and all such cases of suspension shall be reported in the annual report of the Department with the reasons for such action in each case.

(d)  Provisional Appointments.  Whenever it is impossible to certify eligible persons for appointment to a vacancy in the classified service, the appointing authority may nominate a person to the Director.  If such nominee is found by the Director to have had experience and training which appear to qualify him for the position, the Director may authorize the appointment of such person to such vacancy only until an appropriate register can be established and appointment made therefrom.  In no event shall a provisional appointment be continued for more than 156 work days. Successive provisional appointments of the same person shall not be made.  (Statutory Authority:  36-26-18, Code of Alabama 1975.)

- 33 -

(e) <u>Conditional Appointments</u>. Any position to be filled due to circumstances requiring limited tenure, such as federal grant funding or substitution for an employee on extended Leave Without Pay, can be made on a conditional basis requiring the vacating of such position by the incumbent upon expiration of the special conditions which authorized it, without further notice, process, or applicability of layoff procedures. (Statutory Authority: 36-26-9, Code of Alabama, 1975; Rule adopted February 13, 1991, effective April 4, 1991; Author: Halycon Vance Ballard.)

(4) <u>Appointments to Unskilled and Custodial Positions</u>. Any appointing authority who has under his jurisdiction positions in the classified service involving unskilled or semi-skilled labor or domestic work, or custodial work, when the character or place of the work makes it impracticable to supply the needs of the service by appointments made in the usual manner required by the Act, may request the Director for permission to fill such positions by appointment of persons meeting the minimum qualifications prescribed for the classes of positions in the classification plan. Prior to approval of each request for permission to use this procedure, the Director shall thoroughly investigate all circumstances and, if he approves the request, shall prescribe such administrative regulations and procedures as will insure appointments on the basis of merit and fitness. Persons so appointed shall have no status in the classified service and shall not be entitled to any of the privileges of leave as provided in these Rules for permanent employees in the State service. Wherever practicable the Director shall provide the selections in these classes to be made on some kind of competitive basis, and shall require prescribed procedures to be followed. (Statutory Authority: 36-26-19, Code of Alabama 1975.)

670-X-9-.04   <u>Selection from Within</u>.

(1) <u>Promotions</u>. Within the discretion of the Director, vacancies in classified positions shall be filled, insofar as practicable, by promotion from among regular employees holding positions in the classified service. Promotion shall be based upon merit and competition and shall be made in accordance with the procedures established by those sections of these Rules dealing with promotional appointments. (Statutory Authority: 36-26-23, Code of Alabama 1975.)

(2) <u>Transfers</u>. An appointing authority may, at any time, assign a classified employee under his jurisdiction from one position to another in the same class. Any classified employee may be transferred from a position in one department to a position in the same class in another department, provided that the Director has authorized the transfer and has received approval of both appointing authorities concerned. In every case involving transfer the

- 34 -

CHAPTER 670-X-10
THE WORKING TEST (PROBATIONARY) PERIOD

TABLE OF CONTENTS

670-X-10-.01    Probationary Period
670-X-10-.02    Prohibition of Transfer During Probationary
                Period
670-X-10-.03    Prohibition of Salary Increase Upon Transfer

670-X-10-.01  Probationary Period.  Every person appointed to
a position in the classified service after certification of
his name from a promotion list or an employment list shall be
tested by a probationary period while occupying such position.
During this period the employee may be removed if he is unable
or unwilling to perform his duties satisfactorily or if for
any other reason he is found to be unsuitable for continuance
in service.  Such removal shall be accomplished by notice in
writing to the employee, giving the reasons therefor.  If any
employee is removed from his position during or at the end
of his working test (or probationary) period, and the Director
determines that he is suitable for appointment to another
position, his name may be restored to the list from which it
was certified.  If any such employee was a regular employee
in another position in the classified service immediately prior
to his appointment, he shall be demoted to his regular classifi-
cation.  If his promotion has been in a State agency other than
the one in which he held regular status, and there is no vacancy
to which he may be demoted, his name shall be placed on the
reemployment list for the class of the position in which he was
a regular employee.  (Statutory Authority:  36-26-21, Code of
Alabama 1975.)

670-X-10-.02  Prohibition of Transfer During Probationary
Period.  No employee is allowed a transfer during the
probationary period unless the Director determines that such
employee could have been certified for appointment to the
position.  (Statutory Authority:  36-26-9, Code of Alabama
1975.)

                              Amended 5/23/85
                              Effective 6/27/85

670-X-10-.03  Prohibition of Salary Increase Upon Transfer.
No employee may receive a salary increase upon a transfer.
(Statutory Authority:  Section 36-26-9, Code of Alabama 1975.)

                              Amended 5/23/85
                              Effective 6/27/85

CHAPTER 670-X-11
HOURS OF WORK


(Sec. 36-26-9)

670-X-11-.01   Uniform Regulations
670-X-11-.02   Employee Compliance
670-X-11-.03   Pay Status
670-X-11-.04   Regular Work Week
670-X-11-.05   Non-Work Days Not Counted Toward Leave
               Computations
670-X-11-.06   Attendance Reports Required
670-X-11-.07   Compensatory Time

670-X-11-.01   Uniform Regulations.  The Director shall
administer regulations for maintaining uniform and equitable
hours of work required of all employees in the State service,
as adopted by the Board, and approved by the Governor.  The
number of hours shall be uniform for all whose positions are
allocated to the same clsss, unless specifically provided
otherwise by action of the Board, and recorded in its minutes,
together with its reason for each exception; but the hours for
different classes may be different.

670-X-11-.02   Employee Compliance.  All employees in the State
service shall be in attendance at their work in accordance with
the rules regarding hours of work, holidays and annual, sick,
military and special leaves of absence with or without pay, as
provided in these Rules.

670-X-11-.03   Pay Status.  Employees shall be in pay status
when actually working, when on authorized leave, and on
Sundays, holidays, and other nonwork days coming between days
when they are otherwise in "pay status".

670-X-11-.04   Regular Work Week.  A 5-day, 40-hour week shall
be used for the purpose of calculating the pay of employees
paid on a bi-weekly basis.  Except that for the period October
1, 1982, through September 30, 1983, all employees who are on
leave without pay for thirty days or less during the period, as
a result of the proration of the General Fund Budget be
designated as full-time employees.  Only those employees on
leave without pay status as a result of proration shall be
affected by this rule.

670-X-11-.05   Non-Work Days Not Counted Toward Leave
Computations.  In computing annual, sick, educational,
military, and other leaves for employees continuing in the

Amended 2/16/83
Effective 3/30/83

State service, with or without pay, Sundays, holidays, or other non-work days shall not be counted. Leave taken for less than a full day shall be computed on an hourly basis.

670-X-11-.06 Attendance Reports Required. All departments shall submit regular reports of attendance to the Director in the form and on the dates he shall specify.

670-X-11-.07 Compensatory Time. Notwithstanding any departmental policy to the contrary, it shall be the policy of the State of Alabama to use compensatory time, rather than wages to compensate employees subject to the provisions of the Fair Labor Standards Act for performing overtime work. Departmental overtime policies contrary to the overall state policy must be approved by the State Personnel Board. Approval by the State Personnel Board may be made in those cases where compelling reasons are cited by the appointing authority. Overtime, overtime compensation, and compensatory time are defined by the terms as used in the Fair Labor Standards Act.

(1) Payment for Accumulated Compensatory Time Upon Separation from State Service. Upon separation from state service a non-exempt employee, as defined by the Fair Labor Standards Act, is entitled to be paid for accumulated compensatory time. Employees other than persons designated as law enforcement officers by the Code of Alabama and persons designated as seasonal workers by the State Personnel Department are entitled to be paid for accumulated compensatory time earned but in no event for an amount greater than 240 hours. Those persons defined as law enforcement officers or seasonal employees are entitled to payment for earned accumulated compensatory time upon separation from state service but in no event an amount greater than 480 hours.

(2) Accumulated compensatory time obligations are not transferable from department to department. Any accumulated compensatory time obligation must be liquidated by the department in which the obli-gation was incurred, prior to the transfer.

(3) Exempt employees, as defined by the Fair Labor Standards Act, are not entitled to payment for accumulated compensatory time upon separation from state service or upon transfer within state service.

(4) Use of Compensatory Time. Accumulated compensatory time shall be used before annual leave is used. This rule shall not be inter-preted to require the loss of accumulated annual leave as prescribed by Rule 670-X-13-.05.

Amended:  3/18/86
Effective:  4/22/86

CHAPTER 670-X-16
PERFORMANCE (SERVICE) RATINGS

TABLE OF CONTENTS

670-X-16-.01   General Information
670-X-16-.02   Use of Ratings
670-X-16-.03   Inspection of Ratings

670-X-16-.01  General Information.  In compliance with the Act
requiring periodic service ratings for all employees, the
Director shall maintain a service rating system which will
require ratings to be furnished the Personnel Department at
specified intervals.  The Director shall provide the forms
and establish standards for a uniform system which may be
changed or amended as the good of the service requires.
(Statutory Authority:  36-26-22, Code of Alabama 1975.)

670-X-16-.02  Use of Ratings.  Service ratings shall be con-
sidered in determining salary increases and decreases within
the limits established by law and by the pay plan; as a fac-
tor in promotion tests; as a factor in determining the order
of layoff when forces must be reduced because of lack of funds
or work, and the order in which names are to be placed on
reemployment lists; and as a means of discovering employees
who should be promoted, demoted, transferred, or dismissed.
(Statutory Authority:  36-26-22, Code of Alabama 1975.)

670-X-16-.03  Inspection of Ratings.  Any employee shall be
given reasonable opportunity to inspect the records of the
Department which show his service ratings and the service
ratings of other employees in the same class and division.
(Statutory Authority:  36-26-22, Code of Alabama 1975.)

CHAPTER 670-X-18
SEPARATIONS FROM SERVICE

TABLE OF CONTENTS

670-X-18-.01    Layoffs
670-X-18-.02    Dismissals
670-X-18-.03    Suspensions
670-X-18-.04    Resignations

670-X-18-.01    Layoffs.  An appointing authority may lay off an employee whenever it is deemed necessary by reason of shortage of work or funds, or the abolition of a position or other material change in duties or organization.  The order in which an employee is to be laid off in the classified service shall be determined by the appointing authority in accordance with these Rules.

The appointing authority shall submit a plan for the layoff to the State Personnel Director, where possible at least fifteen (15) working days in advance of the effective date, who shall review the plan to insure that:

1.    A statement of the circumstances requiring the layoff is made.
2.    The plan includes:
      A.    The list of employees in each class in order of retention showing computation of retention points.
      B.    The scope of the competitive area determined by the certification from which the affected employees were appointed, i.e., local county, or statewide employment registers.

The appointing authority shall certify to the Director that the layoff is not discreditable to the employee.  Under no circumstances is a layoff to be used as a disciplinary action against an employee.

Competition shall be among all employees holding positions of a particular class governed by the manner in which they were appointed. If the reduction in force is to apply to more than one class, each class shall be treated separately, except where reductions are to be made in a class of positions which is one of a series of classes (e.g., Clerk I, Clerk II, Clerk III).

A permanent employee may displace another employee in the same classification by a process called bumping.  When a job is being abolished, all departmental employees in the competitive class can compete to determine which employee is in the lowest category and should therefore be laid off.  The person occupying the abolished position then has the opportunity of moving to the position occupied by the employee with the lowest retention points.

A permanent employee may also bump another employee in a lower
class in the same series in which he formerly held status.  At the
discretion of a department head and with the approval of the
Director, a permanent employee may be allowed to bump another
employee in a lower class in a related series in which he formerly
held status if such option is specified as part of the lay-off
plan.  Seniority and service scores attained in the higher class
shall be included in the computation of retention points in the
lower class.  The Director shall make a determination about the
relationship between classes for layoff purposes upon request of
the appointing authority.

Employees who are temporary, provisional, or probationary are
considered to be non-status.  Before permanent status employees
in a job class are laid off or demoted, all non-status employees
in the job class must be separated, except when retention is
specified by law.

Retention points shall be based upon the total length of continuous
service and the performance appraisals earned in the department in
the class or class series affected by the layoff.

   1.  Performance Appraisal Score
       Average the last three service ratings, or fewer if three
       are not recorded.  An employee who has never received an
       annual evaluation and has received permanent status shall
       receive a score computed from the final probationary
       service rating.
   2.  Service Score
       Seventy (70) points shall be allowed for completion of
       probation in the class.  One-fourth (1/4) point shall be
       credited for each additional full month or major fraction
       thereof for continuous State service in the class or
       classes affected by the layoff.  (Fifteen (15) days or
       more will be considered as one month; less than fifteen
       (15) days will be disregarded.)

       Continuous State service for the purpose of layoff means
       employment in the class in the department affected by the
       layoff without a payroll break not covered by an approved
       leave of absence with or without pay provided, however,
       that an employee laid off shall not be considered to have
       a break in service when reemployed within two years.

The final retention points shall be computed by multiplying the sum
of points for performance by fifty (50) percent and the sum of
points for length of service by fifty (50) percent and combining
the sum of both factors.

The order of the layoff of permanent employees in each class shall
be governed by accumulation of total retention points and veteran's
preference.  The layoff lists will be prepared by placing the
employee with the highest total retention points at the top of the
list, and the employee with the lowest total retention points at

the bottom of the list, then advancing the name of every one
entitled to veteran's preference ahead of every non-veteran with
an equal or lower service rating score.  Layoff will be in inverse
order beginning at the bottom of the list and the total number of
positions in the class to be abolished will determine the number
of employees to be laid off.  Should two or more employees have
the same combined total of retention points after advancing the
veterans, the order of layoff will be determined by giving preference
for retention in the following sequence:

    1.  The employee with the longest service in the class.
    2.  The employee with the longest departmental service.
    3.  In case of further ties, the Director shall make a
        determination consistent with these rules.

Employees laid off in good standing will be placed on the
reemployment register for two years.  Further, during this time
period the department involved may not hire persons in the class
from any register, or provisionally, as long as one available
employee laid off by the department is on the reemployment register
for the class, provided, however, that a person who refuses offers
of reemployment shall forfeit such rights to subsequent placements
as provided under Rule 670-X-9-.02, Subsection 5; Removal of Names
from the Register.  (See last paragraph of this section for pro-
visions of Act No. 83-493, 1983 Regular Session, Alabama State
Legislature.)

Any laid off person who is reemployed within the prescribed time
shall not be required to serve a probationary period if reemployed
in the Department and the job class from which laid off.

An employee who bumps to a lower class in a related series as a
result of layoff shall be reinstated to the former higher class
with permanent status whenever a vacancy occurs in such higher
class within the department, provided, however, that an employee
who accepts a voluntary demotion in the department in lieu of a
layoff and who is subsequently promoted to the class from which
the employee was demoted in lieu of layoff may be promoted with
permanent status at the discretion of the department head.  Such
promotion shall be considered a return to former status and does
not entitle the employee to a promotional raise or a probationary
raise.

The appointing authority must give the employee(s) to be laid off
written notice which includes reasons:  For example, shortage of
work or funds, abolition of a position, or material change in
duties or organizations.  Reasonable advance notice should take
into consideration the needs of the employee as well as the agency;
however, where possible should be at least ten (10) working days.
In addition, the appointing authority shall make all reasonable
effort to provide the following information to each employee both
orally and/or in writing:

    1.  Benefits to which employees may be entitled, i.e.,
        unemployment compensation procedure, employment rights,
        options available for health insurance, retirement.
    2.  Efforts toward alternative jobs.

- 51 -

he plan as adopted by the appointing authority shall be available
on written request for perusal by an employee or former employee
adversely affected.   (Statutory Authority: 36-26-9 and 36-26-26, Code
of Alabama 1975.)

Amended 2-16-83
Effective 3-30-83

In addition to any rights currently provided to state employees, any
permanent state employee who is laid off from a position under the
state merit system shall have priority for any other position in the
same class filled from an open competitive register by any appointing
authority in accordance with rules adopted by the State Personnel
board.

Revised by Act No. 83-493
1983 Regular Session of
Alabama State Legislature

670-X-18-.02   Dismissals.

(1)   An appointing authority may dismiss a classified employee
whenever he considers the good of the service will be served thereby,
for reasons which shall be stated in writing, served on the affected
employee and a copy furnished to the director, which action shall
become a public record.

(2)   The dismissed employee may, within 10 days after receipt of
written notice, appeal from the action of the appointing authority
by filing with the board and the appointing authority a written
answer to the charges.   The board shall, if demand is made in writing
by the dismissed employee within 10 days after receipt of written notice
of discharge, order a public hearing and, if the charges are proved
unwarranted, order the reinstatement of the employee under such con-
ditions as the board may determine.   Upon a majority vote of the board,
the board may impose a punishment other than termination including but
not limited to a reinstatement with forfeiture of back wages and
benefits between the date of termination and the date of the board's
order reinstating the employee, or a suspension up to and including
10 days.   (For hearing procedure, see Rule 670-X-5-.08.)

(3)   In addition to removal by an appointing authority, persons
in the classified service may be removed or disciplined in the manner
described in this subsection.   Charges may be filed by any officer,
citizen or taxpayer of the state with the director who shall, within
five days, cause a copy to be served upon the person complained
against and shall set a day not less than 10 nor more than 20 days
after such charges have been served on such employee for a public
hearing of such charges.   This hearing may be before the director,
a special agent appointed for the purpose by the director or the
board itself.   If before the director or a special agent, the director
or special agent shall take testimony offered in support and denial
of such charges and from the same submit to the board, within five
days, a finding of facts and law involved and a recommended decision.

- 52 -