PLAINTIFF'S EXHIBIT 6

employees desiring to serve shall file with the state comptroller notice of their intent to run for the position. The comptroller shall cause to be prepared ballots for distribution to all state employees with their paychecks during the first pay period, one month prior to the election. Each state payroll clerk within one week shall collect the executed ballots and return them to the comptroller who shall forthwith tabulate the ballots and announce the results. A printout of the tabulation along with the ballots shall within three days be delivered by the comptroller to the secretary of state, who shall preserve the ballots and the printout for three months. At the expiration of terms of office of the original member elected under this subsection, and every six years thereafter, his successor shall be elected in the same manner as provided by this subsection. If a vacancy occurs in the office of a member elected under the provisions of this subsection, the vacancy shall be filled for the unexpired term in the same manner as the office was previously filled. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 296; Acts 1983, No. 83-673, p. 1060, § 1.)

Cross references. — As to impeachment of sheriffs, see § 36-11-1 et seq.
Cited in James v. Wallace, 533 F.2d 963 (5th Cir. 1976); McCullough v. State ex rel. Burrell, 352 So. 2d 1121 (Ala. 1977).

### § 36-26-6. Same — Meetings; powers and duties generally.

(a) The board shall hold regular meetings at least once each month and may hold such additional meetings as may be required for the proper discharge of its duties.

(b) It shall be the duty of the board as a body:

(1) To adopt and amend, after public hearings, rules and regulations for the administration of this article as provided in section 36-26-9;

(2) To adopt, modify or reject, after public hearings, such classification and compensation plans for the state service, together with rules for their administration, as may be recommended by the director after a thorough survey of the personnel and departmental organizations included in such plan or plans;

(3) To make investigations, either on petition of a citizen, taxpayer or interested party or of its own motion, concerning the enforcement and effect of this article and to require observance of its provisions and the rules and regulations made pursuant thereto;

(4) To conduct hearings and to render decisions, as provided in section 36-26-27, on charges preferred against persons in the classified service;

(5) To make such investigations as may be requested by the governor or the legislature and to report thereon;

(6) To consider and act on such matters as may be referred to the board by the director;

(7) To represent the public interest in the improvement of personnel administration in the state service; and

(8) To advise and assist the director in fostering the interest of institutions of learning and of civic, professional and employee organiza-

tions in the improvement of personnel standards in the state service. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 297.)

**Broad and comprehensive powers and duties.** — The powers and duties of the personnel board and the director of personnel with respect to the administration of the merit system, and the sustention of its spirit and objectives, are broad and comprehensive, but subject to restraint by specific provisions of law, as in § 36-26-28. Waggoner v. Whatley, 282 Ala. 84, 209 So. 2d 370 (1968).

**Good faith required of appointing authority.** — The personnel board, on petition of an interested party or on its own motion, is expected and required to see that the appointing authority, in the abolition of a position or in laying off an employee, acts in good faith, as for example, where there is no longer a public necessity for the continuance of the office or the employment or where the abolition or separation is advisably for the purposes of economy. Good faith on the part of the appointing authority is essential. Waggoner v. Whatley, 282 Ala. 84, 209 So. 2d 370 (1968).

Cited in Blanton v. Griel Mem. Psychiatric Hosp., 758 F.2d 1540 (11th Cir. 1985).

**Collateral references.** — 67 C.J.S., Officers, §§ 107-109.

### § 36-26-7. Director of personnel — Appointment; qualifications; salary; removal.

The board shall appoint a director. He shall be a person over 19 years of age, of recognized character and ability and shall have been a bona fide resident and a qualified voter of this state for not less than five years next preceding his appointment. His salary shall be fixed by the board with the approval of the governor in accordance with the provisions of section 36-6-6. He may be removed for cause by the board; provided, that copies of a written statement of the reason for such removal shall be given to the director and to the governor, and such written statement shall be made public prior to the effective date of his removal. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 298.)

### § 36-26-8. Same — Executive head of department; powers and duties generally; agreements with political subdivisions of state; cooperation with other governmental agencies.

(a) The director, as executive head of the department, shall direct and supervise all its administrative and technical activities.

(b) It shall be the duty of the director to:

(1) Attend all meetings of the board, act as its secretary and record its official actions.

(2) Appoint, with the approval of the board, such employees of the department and such experts and special assistants as may be necessary to carry out effectively the provisions of this article.

(3) Prepare and recommend rules and regulations for the administration of this article.

(4) Recommend and, on its adoption, establish, administer and execute a classification plan for the state service.

(5) Submit to the governor, after its approval by the board, a pay plan for all positions in the state service.