IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBINA JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO: 2:05cv1049-C |
| ) | |
| NANCY WORLEY, individually ) | |
| and in her official capacity as ) | |
| Secretary of State, State of ) | |
| Alabama; et. al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendants, by and through the undersigned counsel, and hereby files this Reply Brief to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment.

Plaintiff's lawsuit centers around her layoff from the Secretary of State's Office in 2003. Plaintiff's claims can be summarized as follows:

1. Plaintiff's seniority and service ratings were not considered in the layoff.

2. Another individual was appointed to her position within 2 years of the layoff.

3. Plaintiff was not reappointed to her previous position.

Plaintiff alleges these "facts" violate the Fourteenth Amendment and the State Merit System Act. Defendants filed a Motion and Brief in Support of

Summary Judgment. Plaintiff filed an opposition to Summary Judgment, but failed to address any issue raised by the Defendants except qualified immunity.

## FOURTEENTH AMENDMENT CLAIMS

Plaintiff sets forth a few paragraphs of "facts" and then alleges that these "facts" violate the Fourteenth Amendment. The Fourteenth Amendment, however, does not create a direct cause of action. *Hughes v. Bedsole,* 48 F.3d 1376, 1383 n. 6 (4th Cir.1995). Instead, all claims arising under the Fourteenth Amendment are to be addressed under 42 U.S.C. § 1983. *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912 (9th Cir. 2001) (Litigant complaining of a violation of a constitutional right does not have a direct cause of action under the Constitution, but must utilize § 1983); *Wax 'n Works v. City of St. Paul* 213 F.3d 1016 (8th Cir. 2000) (Claim based on Fourteenth Amendment must be brought under § 1983). Assuming *arguendo*, that the Fourteenth Amendment claims will be addressed as if brought pursuant to 42 U.S.C. § 1983, these claims are still due to be dismissed.

Despite repeated efforts to learn the basis of Plaintiff's Fourteenth Amendment claims, it still remains a mystery. Without more, Plaintiff's Fourteenth Amendment claims will be analyzed under the due process clause. Because a violation of procedural due process is not complete "unless and until [a] State fails to provide due process ... the state may cure a procedural deprivation by providing a later procedural remedy." *McKinney v. Pate,* 20 F.3d 1550, 1557 (11th Cir.1994) (*en banc*). Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of

state remedies or show that the state deprived it of redress. *Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir.1996). In this case, Plaintiff has not claimed an inadequate state court remedy. In fact, this action was initially filed in State court with state court claims. Defendants removed this case to federal court based upon the Fourteenth Amendment claims. If there are state court remedies available, then no Fourteenth Amendment due process claims are viable. Plaintiff, by seeking remedies in state law, concedes that remedies are available. Thus, her Fourteenth Amendment due process claims must fail.

## **QUALIFIED IMMUNITY**

The individual defendants raised the defense of qualified immunity in their Brief in Support of Summary Judgment. (Doc. No. 37, p. 8-12). Thus, the burden is on the Plaintiff to show that the individuals are not entitled to qualified immunity. *Crosby v. Monroe County*, 394 F.3d 1328, 1331 (11th Cir. 2004). In Plaintiff's response, she does not contend that the individual State Personnel Board members are not entitled to qualified immunity – only that the State Personnel Board ("SPB") is not entitled to qualified immunity – an immunity to which the SPB is not entitled and which was not asserted. Defendants have pointed out that the SPB is not named as a defendant in this case, but that the individuals were sued in their official and individual capacity. As Plaintiff has failed to respond to the Motion for Summary Judgment on behalf of the individual defendants, these claims are deemed abandoned and summary judgment is due to be entered for these individual defendants.

Additionally, Plaintiff's response to the Defendants' claims of qualified

immunity fails to even point to a federal constitutional or statutory right which was allegedly violated, much less show that the individuals violated clearly established law.  Indeed, all Plaintiff's complaint does is state that her Fourteenth Amendment rights were violated.  Plaintiff states that "Defendant could cite no authority, Rule of the State Personnel Board or state law which gave her the right to appoint Viox to the position." (Doc. 47-2,p. 15).  Plaintiff misinterprets the burden in qualified immunity cases.  It is not the Defendants who have the burden of proving the law allows their actions; it is on the Plaintiff's shoulders to point to pre-existing case law which would place the Defendants on notice that their actions violated the federal constitutional or statutory rights of the Plaintiff.  *See Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 1697, 143 L.Ed.2d 818 (1999).  This, Plaintiff has failed to do.  Moreover, though the burden is not on the Defendants to show that their actions were in line with the law, they set forth in their SJ brief Alabama Attorneys General opinions specifically allowing classified employees to be designated in an "acting" capacity in State government. (Doc. 37, Exh. 6,7)

Plaintiff cannot even establish that an individual was "appointed" to the position which Plaintiff previously held, much less that this "appointment" violated any constitutional or statutory right.  Plaintiff merely states in her complaint that "the action of Defendant Worley in hiring an individual in the position who was not on the State Employment Register for the position, deprived plaintiff of her protected property interest in the position in violation of the Fourteenth Amendment to the United States Constitution." (Compl. ¶ 25)

and that "Defendant Worley's failure and refusal to offer re-employment to plaintiff in the classification plaintiff held prior to her layoff deprived her of her protected property interest in the position in violation of the Fourteenth Amendment to the United States Constitution." (Compl. ¶ 20).

Other than Plaintiff's continued unsupported opinions, no evidence has been submitted that another individual was "appointed to the position Plaintiff held prior to her layoff" much less that this "appointment" violated her federal constitutional or statutory rights.

Assuming *arguendo*, that such an appointment was made, no violation of federal constitutional or statutory rights occurred and thus, there is no need of further inquiries concerning qualified immunity. *Saucier v. Katz*, 531 U.S. 991, 121 S.Ct. 2151, 2156 (2001).

### Count I

Count I of Plaintiff's Complaint is brought pursuant to the State Merit System Act and the Fourteenth Amendment to the United States Constitution. (Compl. ¶¶ 8-14). Specifically, Plaintiff claimed that her seniority and service ratings were not considered in determining the layoffs. (Compl. ¶¶ 10-14). Defendants spent a great deal of time in their Brief in Support of their Motion for Summary Judgment demonstrating that Plaintiff's seniority and service ratings were used in determining layoffs. In paragraph 15 of exhibit 3 to Defendants' Summary Judgment Brief (Doc. 37), Jackie Graham's affidavit sets forth the actual calculation of the layoff scores of both Robina Jenkins and Sharon Firth (the other employee in the same classification as the Plaintiff).

Additionally, Attachments C to this affidavit are the actual printouts and forms utilized for calculating the retention score.

In Plaintiff's Opposition Brief, no argument was made that Plaintiff's seniority and service ratings were not used in determining the layoff. In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him. There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Thus, Count I has been abandoned and is due to be dismissed. *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) (quotations and citations omitted).

### Count II and Count III

Count II alleges that Defendant Worley appointed an individual to Plaintiff's position rather than offering re-employment to Plaintiff. Count III alleges that an individual was hired into Plaintiff's position and the person was not on the State Employment Register for the position. As with Count I, Plaintiff failed to address the arguments in the Defendants Summary Judgment Motion regarding Counts II and III, but instead argues Defendant Worley is not entitled to qualified immunity.

Plaintiff continues to set forth the proposition that another employee was "appointed" or "hired" into Plaintiff's position in violation of the Fourteenth Amendment and the Merit System Act. Other than Plaintiff's unsupported

opinion, no evidence exists that any "appointment" or hire was made. An employee was given the in-house working title of "Acting Director of Corporate Records." Neither the employee's classification or pay changed nor was an "appointment" made. Obviously, an employee can serve in an "acting" capacity – as did the Plaintiff. In fact, Plaintiff does not think there is anything wrong with serving in an "acting" capacity. (Doc. No. 37, Exh. 1, pp 56-57). As no specific argument was made counter to Defendants' Summary Judgment Motion other than to allege the law was clearly established that an appointment or hire, could not be made, summary judgment is due to be granted.

## Count IV

Though Count IV purports to be brought against the "State Personnel Board," the SPB was never named as a Defendant in this case. Moreover, if the SPB were named as a Defendant, it would be entitled to absolute immunity. In Plaintiff's response, she only addresses the "State Personnel Board Claim of Qualified Immunity." (Doc. 47-2, p. 17). However, the SPB did not assert a defense of qualified immunity.

Plaintiff alleges in her complaint that:

[S]he served the State Personnel Board with a Petition for Review, wherein, she alleged that her rights under the Merit System Act had been violated by Defendant Worley, and requested a review pursuant to 36-26-6 (b) (3) Code of Alabama, 1975. The Petition for Review specifically requested a hearing. (Doc. 47-2, p. 17).

Plaintiff, however, did not file her petition pursuant to § 36-26-6 (b) (3) as alleged in her complaint and brief. Rather, the "petition for review" was

brought pursuant to *Code of Alabama* § 41-22-1 and § 36-26-1 (1975) which provides:

> This chapter shall be known as and may be cited as the "Alabama Administrative Procedure Act."    § 41-22-1

> and

> This chapter shall be cited and may be known as the Merit System Act.    § 36-26-1

Even had the Plaintiff filed her petition pursuant to *Code of Alabama* § 36-26-6 (b)(3), there is no basis for her claim against the SPB.  This Code Section does not require that a hearing be held, but that an investigation be conducted.  Obviously, an investigation was conducted and Plaintiff was advised that no individual had been appointed or was serving on a provisional basis in the classification of the Plaintiff. (Doc. 37, Exh. 8).

Moreover, there is not a claim in this case that the SPB failed to provide the Plaintiff with a hearing despite the best efforts of Plaintiff.  "The failure to provide a hearing to Plaintiff violated her rights under the Merit System Law." (Doc. No. 47-2).  This "hearing" claim, however, was not brought by the Plaintiff in her Complaint.  The only complaint against the SPB was an allegation that the SPB has the duty to require Defendant Worley to abide by the provisions of the State Merit law. (Compl. ¶¶ 27-34).  Plaintiff attempted to amend her Complaint to add the claim that the SPB failed to conduct a fact-finding hearing. (Doc. No. 28).  This amendment was denied. (Doc. No. 35).  Plaintiff cannot pursue this claim and it is due to be dismissed.

Plaintiff also alleges that "Plaintiff acquired the right to be reappointed to her position where the economic shortfall resulting in her layoff had been abated." (Doc. 47-2, p. 18). This is not the law and Plaintiff has failed to point to any rule, regulation, or policy, which requires a person to be reappointed. The "re-employment" protection for the employee who has been laid off is found in *Code of Alabama* § 36-26-26 (1975) which provides:

> (b) In addition to any rights currently provided to state employees, any permanent state employee who is laid off from a position under the state Merit System shall have priority for any other position in the same class filled from an open competitive register by any appointing authority in accordance with rules adopted by the State Personnel Board.

If the legislature intended for a person who had been laid off to be "reappointed to her position where the economic shortfall resulting in her layoff had been abated" (Doc. No. 47-2, p. 18), then they could easily have done so. This, however, they chose not to do.

## **Absolute Immunity**

Plaintiff brought damage claims against Nancy Worley, Joe Dickson, Harry McMillan, John McMillan, Horace Powell, and Joyce O'Neal in their official capacity. In Defendants' Summary Judgment Brief, (Doc. 37, p. 13-14), the black letter law is set forth that damage claims cannot be brought against individual defendants in their official capacity as it would violate the Eleventh Amendment to the United States Constitution and Article 1, Section 14 of the Alabama Constitution. Plaintiff failed to address this argument in her

Opposition Brief. Thus, all claims for damages against the individual defendants in their official capacity are due to be dismissed.

Moreover, to the extent that the State Personnel Board is a defendant in this case, the SPB is entitled to absolute immunity under the Eleventh Amendment and Article 1, Section 14.

## CONCLUSION

Based upon the foregoing, the Defendants respectfully request that their Motion for Summary Judgment be granted.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

s/Alice Ann Byrne
Alice Ann Byrne (BYR015)
Attorney for Defendants

OF COUNSEL:

State Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
Telephone:  (334) 353-0046
Facsimile:  (334) 353-4481
E-mail:     AliceAnn.Byrne@personnel.alabama.gov

CERTIFICATE OF SERVICE

 I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Pacer filing system which will send notification of such filing to the following:

 James E. Wilson, Jr.
 732 Carter Hill Road
 Montgomery, AL  36106
 E-Mail:  atywilson@netzero.net

            s/ Alice Ann Byrne
            OF COUNSEL