IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBINA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv1049-CSC |
| | ) | (WO) |
| NANCY WORLEY, individually and | ) | |
| in her official capacity as Secretary of | ) | |
| State, State of Alabama; JOE DICKSON, | ) | |
| individually and in his official capacity | ) | |
| as a member of the State Personnel Board; | ) | |
| HENRY MCMILLAN, individually and | ) | |
| in his official capacity as a member of the | ) | |
| State Personnel Board; JOHN | ) | |
| MCMILLAN, individually and in his | ) | |
| official capacity as a member of the | ) | |
| State Personnel Board; HORACE W. | ) | |
| POWELL, SR., individually and in his | ) | |
| official capacity as a member of the | ) | |
| State Personnel Board; and JOYCE P. | ) | |
| O'NEAL, individually and in her | ) | |
| official capacity as a member of the | ) | |
| State Personnel Board. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

The plaintiff, Robina Jenkins ("Jenkins") filed this lawsuit against the defendants in

the Montgomery County Circuit Court, alleging violations of the Merit System Act, ALA.

CODE § 36-26-1, *et seq.*, and the Fourteenth Amendment, based on the termination of her

employment with the Alabama Secretary of State's office.  Jenkins names former Secretary

of State Nancy Worley ("Worley") and State Personnel Board members Joe Dickson, Henry McMillan, John McMillan, Horace W. Powell, Sr., and Joyce P. O'Neal as defendants. Specifically, Jenkins asserts the following claims:

(1)    Worley violated the Merit System Act and the Fourteenth Amendment when she failed to consider Jenkins' seniority and service ratings, as well as the rules adopted by the State Personnel Board, prior to terminating Jenkins from her position as Department Program Manager.

(2)    Worley violated the Merit System Act and the Fourteenth Amendment by failing to offer Jenkins re-employment and by appointing another employee into her prior position.

(3)    Worley violated the Merit System Act and the Fourteenth Amendment by hiring an individual into Jenkins' classification without the individual being on the State Employment Register.

(4)    Members of the State Personnel Board failed to investigate Jenkins' allegations and did not require Worley to abide by the Rules of the State Personnel Board in violation of the Merit System Act and the Fourteenth Amendment.

(Doc. No. 1-2.)

The defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446.[1] The court has jurisdiction of the plaintiff's federal claims pursuant to federal subject

---

[1] In November 2005, Jenkins filed a motion to remand the case to state court, pursuant to 28 U.S.C. § 1447(c). During oral argument on the motion, Jenkins argued that the complaint does not state a federal cause of action. (Doc. No. 10.) The court, however, concluded that the plain language of Jenkins' claim that the defendants deprived her of a protected property interest in violation of the Fourteenth Amendment stated a federal claim and denied the motion. (Doc. No. 15.) Notwithstanding that conclusion and because of the plaintiff's apparent discomfort with continuing with the federal claim, during a status conference on January 3, 2008, the court questioned whether the plaintiff did desire to pursue a constitutional claim in this case. Plaintiff's counsel changed his position, strategically arguing that Jenkins' complaint includes a claim that Jenkins did not receive notice and was not afforded a hearing in violation of the Due Process Clause. (Doc. No. 42.)

matter jurisdiction, 28 U.S.C. § 1331. The court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.

Now pending before the court is the defendants' motion for summary judgment. (Doc. No. 36). The plaintiff filed a response in opposition to the motion for summary judgment to which the defendants have replied. After careful review of the defendants' motion for summary judgment, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  THE SUMMARY JUDGMENT STANDARD

Under  FED. R. CIV. P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] The party moving for summary judgment "always bears the initial responsibility of

---

[2]  In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

informing the district court of the basis for its motion, and identifying those portions of the

'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

fact." *Id.* at 323.  The movant may meet this burden by presenting evidence showing there

is no dispute of material fact, or by showing that the nonmoving party has failed to present

evidence in support of some element of its case on which it bears the ultimate burden of

proof.  *Id.* at 322-324.  If the movant succeeds in demonstrating the absence of a material

issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the

pleadings, that a genuine issue material to the non-movant's case exists.  *See Fitzpatrick v.

City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993);  *see also*  FED. R. CIV. P. 56(e).

("When a motion for summary judgment is made and supported ... an adverse party may not

rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth

specific facts showing that there is a genuine issue for trial.").  What is material is determined

by the substantive law applicable to the case.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,

248 (1986).  A dispute of material fact "is 'genuine' . . .  if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The non-movant

"must do more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather,

the non-movant must present "affirmative evidence" of material factual conflicts to defeat

---

*Id.* at 324.

a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995). However, if there is a conflict in the evidence, "the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law FED. R. CIV. P. 56(c). With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

### III. FACTS[3]

Between 1997 and 2003, Jenkins was employed in the Secretary of State's office as a Departmental Program Manager, with the working title of Corporations Director. (Pl's Dep., p. 12.) Jenkins was a conscientious employee who received high evaluations and had a good working relationship with her supervisors. (*Id.*, pp. 27-29; Doc. No. 37-4, pp. 18-19.) Unfortunately, during a state-wide budget crisis in 2003, Jenkins was laid off from her job.

Jenkins was one of many employees affected by the State's financial crisis. In 2003, hundreds of employees throughout state government were affected by layoffs, retirement,

---

[3] On a motion for summary judgment the court must construe the facts in the light most favorable to the non-movant who, in this case, is the plaintiff. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

5

voluntary demotions, and transfers as the result of budget cuts.  (Defs' Ex. 3, Jackie Graham's Affid., p. 1.)  The Governor initially recommended that the Office of the Secretary of State's budget be cut by 18.85%.  After the Office of Voter Registration was legislatively moved into the Office of the Secretary of State, the budget, which passed in September 2003, represented a 12% cut.  (Defs' Ex. 5, Carolyn Middleton's Affid., pp. 1-2.)  However, due to the appropriation of money under the Help America Vote Act, the actual effect on the budget was an 18% cut.  (*Id*., p. 2)

Worley met with the Finance Director and determined that cuts of certain laborers and the abolishment of one position per program category were necessary.  (Defs' Ex. 2, Worley's Interrog., p. 5.)  On October 9, 2003, Worley submitted a layoff plan to the State Personnel Department.  (Graham's Affid., p. 4; Attach. A.)  With the exception of the proposed layoff of the Director of Voter Registration, a statutorily required position, the plan was accepted as technically correct and in compliance with the Rules of the State Personnel Board.  (*Id*.)

During the layoff process, an efficiency rating based on an employee's performance appraisal scores and seniority is used to rank employees.  (*Id*., p. 2.)  The score is computed by multiplying the sum of the points for performance by fifty (50) percent and the sum of points for seniority by fifty (50) percent and combining the sum of both factors.  (*Id*.)  These ratings are based upon the total length of continuous service and the performance appraisal scores earned in the class in the department affected by the layoff.  (*Id*.)

In Worley's plan, the abolishment of one Departmental Program Manager position

6

and other personnel cuts were recommended. (*Id.*, p. 4.) The classification and the number of positions subject to the layoff process are within the discretion of the appointing authority for that department. (*Id.*) Worley is the appointing authority for the Secretary of State's office. (*Id.*)

Both Jenkins and Sharon Frith ("Frith") held the classification of Departmental Program Manager in the Office of the Secretary of State. Both employees received high efficiency ratings. Frith received an efficiency rating of 95.00, while Jenkins' received an efficiency rating of 93.07. (*Id.*, pp. 4-5.) Consequently, Jenkins' position was selected to be abolished in accordance with the layoff plan. (*Id.*, p. 5.)

On October 16, 2003, Worley provided a letter to Jenkins advising that, due to budget cuts, her employment would end on October 31, 2003. (Defs' Ex. 4, p. 1.) The letter also informed Jenkins of the benefits applicable to laid-off employees and advised as follows:

> You will be placed on the layoff reemployment register for the classification in which you were laid off for two years. During this time, the appointment authority of this agency cannot hire someone in this class from the register or provisionally as long as you are available for reemployment. Also, no other state agency can hire any employees from an open-competitive register in your class as long as you are available for the position. It is important to note that your refusal of an offer shall forfeit your rights regarding layoff reemployment.

(*Id.*, pp. 1-2.)

Jenkins remained on the layoff re-employment register for two years; however, the register for Jenkins' classification was not requested by any appointing authority nor was

anyone provisionally appointed to the Departmental Program Manager classification during the two-year period. (Def's Ex. 3, Graham's Affid., p. 6.) After Jenkins was terminated, Worley asked Sharon Viox ("Viox"), an employee classified as an Administrative Support Assistance III, to serve in an acting capacity as the Director of the Corporate Division. (*Id*.) Although Viox was given the working title of Director of Corporate Division, assigned additional tasks, and provided business cards with her new title, she remained in the classification of Administrative Support Assistant III and did not receive any merit raises between 2003 and 2006. (*Id*., pp. 6-7: Viox's Dep., p. 25.)

On July 18, 2005, Jenkins' counsel submitted a petition for review to the State Personnel Board, in which he requested a fact-finding proceeding and a hearing concerning whether the Secretary of State or other state agencies hired an individual into Jenkins' classification without first offering her the position in violation of the Merit System Act and the Constitution of Alabama. (Pl's Ex. 3.) In response, general counsel for the State Personnel Department sent a letter to Jenkins, informing her that the time period for a review by the State Personnel Board had expired. (Pl's Ex. 4.) In addition, Jenkins was advised as follows:

> The information submitted in your petition regarding the possible hiring of individuals into Ms. Jenkins' classification, is concerning as such would violate State Personnel Board rules and regulations. Based upon Ms. Jenkins' position, we checked our records to determine if anyone had been hired through an open-competitive register as a Departmental Program Manager. Our records indicate no such appointment since March of 2003. Likewise, we checked provisional appointments and determined that the Secretary of State's office does not have *any* provisional employees. If you can provide the names of individuals whom Ms. Jenkins believes were appointed to a DPM position

or who is serving in a provisional status, we will be happy to investigate further.

The State Personnel Board does not have the authority to force the Secretary of State's Office to hire any employee, regardless of the budget situation. . . .

(*Id.*)  In October 2005, Jenkins filed this lawsuit in the Montgomery County Circuit Court.

(Doc. No. 1.)  The defendants removed the case to this court on October 31, 2005.  (*Id.*)

## IV.  DISCUSSION

### A.  The Due Process Claims against Worley

The court concludes that Jenkins has abandoned her claims that Worley violated her due process rights during the lay-off process and two-year waiting period.  In the defendants' motion for summary judgment, Worley argues that Jenkins' claims in Counts I, II, and III that she violated the Fourteenth Amendment are without merit.  (Doc. No. 37.)  In her response, Jenkins does not list as an enumerated claim or brief any issues against Worley concerning a violation of the Due Process Clause.  In fact, there are no specific references to the Fourteenth Amendment or the Due Process Clause at any point in her response.  Jenkins merely argues that " [t]he conduct of the defendants violated [her] rights under the Merit System Law and the Rules of the State Personnel Board."  (Doc. No. 47-2, p. 19.)  Jenkins alleges no facts and makes no argument in response to Worley's motion for summary judgment with respect to the due process claims.

The burden is on the parties to formulate arguments, and a plaintiff's failure to list an enumerated claim and brief an issue in a memorandum of law in opposition to a defendant's

motion for summary judgment is deemed an abandonment of that claim.  *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274 (11th Cir. 2003); *Thomas v. Alabama Council on Human Relations, Inc.*, 248 F.Supp.2d 1105, 1107 n.1 (M.D. Ala. 2003).  *Cf. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).  Consequently, the defendants' motion for summary judgment with respect to the due process claims against Worley are due to be granted.

## B. The Merit System Act Claims[4]

### (1)     Seniority and Service Ratings

Jenkins contends that Worley violated the Merit System Act when she failed to consider her seniority and service ratings and the rules adopted by the State Personnel Board prior to terminating her from her position as Department Program Manager.

First, the court questions the timeliness of Jenkins' contention that Worley failed to consider her seniority and service ratings and other requirements prior to her termination in violation of the Merit System Act.   Section 36-26-27, ALA. CODE 1975, provides, in pertinent part, as follows:

> . . . The dismissed employee may, within 10 days after notice,
> appeal from the action of the appointing authority by filing with
> the board and the appointing authority and written answer to the
> charges.  The board shall, if demand is made in writing by the
> dismissed employee within 10 days after notice of discharge,
> order a public hearing and, if the charges are proved

---

[4]These claims are state law claims.  Pursuant to 28 U.S.C. § 1367 (c)(3), the court could decline to exercise jurisdiction over these claims because it has dismissed the federal claims.  However, given that this case was filed in 2005 and the parties have fully briefed or had the opportunity to fully brief all the issues, the court concludes that it should exercise jurisdiction and resolve all claims.

10

25

> unwarranted, order the reinstatement of the employee under
> such conditions as the board may determine. . . .

In addition, the State Personnel Board's Rules provide that "[t]he Board shall, if demand in made in writing by an employee within ten days after notice of discharge, order a public hearing. . . ." (Doc. No. 48-3, p. 6, Section 670-X-5-.07(2).)

Although Jenkins was discharged on October 31, 2003, she waited until July 2005 to submit a petition for review to the State Personnel Board. Thus, Jenkins' claim that Worley failed to comply with the Merit System Act prior to her termination was filed over a year after the time for submitting a claim to the State Personnel Board had expired.

Moreover, even assuming Jenkins' claim was timely filed, the undisputed evidentiary materials indicate that Worley considered the service and seniority ratings of both Departmental Program Managers in her office prior to Jenkins' termination.  The Secretary of State's retention calculations indicate that Jenkins received a performance appraisal score of 48.07 and a seniority score of 45, with a combined efficiency rating of 93.07, and that Frith received a performance appraisal score of 50 and a seniority score of 45, with a combined efficiency rating of 95.  (Doc. No. 37-4, Graham's Affid., p. 5; Attach. C.)  Thus, Jenkins' score was lower than Frith's score.  Consequently, Jenkins' position was selected to be abolished in accordance with the layoff plan and the Merit System Act. This court therefore concludes that the motion for summary judgment with respect to this claim against Worley is due to be granted.

(2)     **The Merit System Classification**

In Claims Two and Three of her complaint, Jenkins asserts that Worley violated the Merit System Act by appointing another employee who was not listed on the State Register into her position and without first re-offering her the job.  Jenkins has failed to point to any evidence indicating that another employee was appointed to her merit-system classification as a Departmental Program Manager.  In addition, there is no evidence that any provisional employee was assigned to this management position.  Although Viox begrudgingly assumed more tasks and responsibilities after Jenkins was laid-off, Viox remained in the classification of an Administrative Support Assistant III and was given nothing more than the title of "acting Director of Corporations" and some business cards as a reward for her additional efforts.  Other than Jenkins' own conclusory allegations, Jenkins has presented no evidence to support her contention that Worley assigned another employee to her classification.  The court therefore concludes that the motion for summary judgment with respect to these claims against Worley is due to be granted.

### C.  The Claims against Members of the State Personnel Board

Jenkins asserts that members of the State Personnel Board did not require Worley to abide by the Rules of the State Personnel Board and failed to investigate her allegations in violation of the Merit System Act and the Fourteenth Amendment.[5]  In her petition for review

---

[5] The court notes that Jenkins attempted to amend her Complaint to add a claim that the State Personnel Board failed to conduct a fact-finding hearing.  (Doc. No. 28.)  However, this court denied her motion to amend as untimely. (Doc. No. 35.) Consequently, Jenkins' contention that the defendants failed to conduct a hearing in violation of the Merit System Act or the Due Process Clause is not before the court.

to the State Personnel Board, Jenkins asserted that another employee was assigned permanently or provisionally to her prior classification in violation of state law.[6]

As previously discussed, the undisputed evidentiary materials indicate that Worley followed the Rules of the State Personnel Board and Merit System Act when deciding to lay off Jenkins from the Secretary of State's Office. Thus, Jenkins' assertion that members of the State Personnel Board failed to insure that Worley abided by the rules is without merit. In addition, counsel for the State Personnel Board investigated the aforementioned allegations on behalf of the Board and found no evidence that another employee was assigned to Jenkins' prior classification.[7] The court therefore concludes that the motion for summary judgment is due to be granted with respect to Jenkins' contention that the State Personnel Board members erred in failing to investigate her claim.

## V. CONCLUSION

Accordingly, for the reasons as stated, it is

---

[6] In her petition for review, Jenkins also asserted that "[i]f the current budget of the Office of the Secretary of State is equal to or exceeds the budget of the office prior to the budget cuts passed by the Legislature in October 2003, the Secretary of State has violated the Constitution and Statutory Law of the State of Alabama." (Doc. No. 48-4, Pl's Ex. 3, p. 2.) This asseveration, however, was not raised in Jenkins' federal complaint. (Doc. No. 1.) Thus, whether Jenkins should have been reappointed to her position due to a possible increase in the State's budget is not an issue before this court. Moreover, even assuming *arguendo* Jenkins' argument were before the court, there is no state law requiring the "reappoint[ment of a former employee] to her position where the economic shortfall resulting in her layoff [has] been abated." (Doc. No. 47-2, p. 18.) The protection afforded under § 36-26-26 ALA. CODE to former employees only provides that, "[i]n addition to any rights currently provided to state employees, any permanent state employee who is laid off from a position under the state Merit System shall have priority for any other position in the same class filled from an open competitive register by any appointing authority in accordance with the rules adopted by the State Personnel Board.

[7] To the extent Jenkins asserts that the individual members of the Board, instead of counsel, should have investigated the claims against Worley, she has failed to demonstrate that she suffered any prejudice.

ORDERED that the defendants' motion for summary judgment be and is hereby GRANTED.  (Doc. No. 36.)

A separate final judgment will be entered.

Done this 8th day of April, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

14